UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TERRA TOWERS CORP., *et al.*, | ) CASE NO. 1:22-cv-21204-RNS |
| | ) |
| *Plaintiffs*, | ) JUDGE ROBERT N. SCOLA, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE JONATHAN |
| | ) GOODMAN |
| ADAM MICHAEL SCHACHTER, *et al.*, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**SPECIALLY APPEARING DEFENDANTS TELECOM BUSINESS SOLUTION, LLC'S, LATAM TOWERS, LLC'S, AND AMLQ HOLDINGS (CAY) LTD.'S, AND DEFENDANTS ADAM M. SCHACHTER'S, AND GELBER SCHACHTER & GREENBERG, P.A.'S MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW**

Specially Appearing Defendants Telecom Business Solution, LLC ("Peppertree Telecom"), LATAM Towers, LLC ("Peppertree LATAM" together with Peppertree Telecom, "Peppertree"), and AMLQ Holdings (Cay) Ltd. ("AMLQ," together with Peppertree, "Peppertree/AMLQ"), and Defendants Adam M. Schachter ("Mr. Schachter"), and Gelber Schachter & Greenberg, P.A. ("GSG," together with Mr. Schachter and Peppertree/AMLQ, the "Moving Parties"), respectfully move this Court, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Southern District of New York. Transfer is appropriate because this case arises out of and is directly connected to—and inextricably intertwined with—an ongoing arbitration in New York, New York, and cross petitions to confirm and vacate a partial final award issued by the arbitral tribunal in the New York-based arbitration. Those proceedings are presently pending in the Southern District of New York, before Judge Kaplan, in the action captioned: *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*, Case No. 1:22-cv-01761 (S.D.N.Y.).[1]

---

[1] Peppertree and AMLQ are filing Motions to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12, on the basis of lack of personal jurisdiction ("12(b)(2) Motions") and failure to state a claim upon which relief may be granted ("12(b)(6) Motions"), contemporaneously with this Motion, as well as a Motion to Compel Arbitration and Dismiss the Complaint or, in the Alternative, Stay the Proceedings Pending Arbitration ("Motion to Compel"), in which GSG and

The direct connections between this matter and the active and ongoing New York arbitration and earlier-filed action in the Southern District of New York render New York, ***not*** Florida, the obvious venue to decide Plaintiffs' claims here.  Indeed, ***all*** of the parties to this litigation are also involved in the New York-based arbitration, *see* Compl. ¶ 2, most of the parties to the underlying arbitration voluntarily consented to jurisdiction in New York in 2015 when they signed the Shareholders Agreement and thereafter participated in the New York arbitration; and these same parties (everyone in this litigation except Mr. Schachter and GSG) have willingly participated in the pending Southern District of New York litigation.  These undeniable facts, as well as the other factors commonly considered to determine proper venue, compel the conclusion that New York is the proper venue for this action.

I.      **BACKGROUND**

This action, like the New York-based arbitration, involves a dispute among the shareholders of Continental Towers LATAM Holdings Limited (the "Company").  Plaintiffs are the Company's majority shareholders, *see* Compl. at ¶¶ 6-7, 19, and Peppertree/AMLQ are the Company's minority shareholders, *id*. at ¶¶ 11-13, 19.  The shareholders' relationships are governed by the Shareholders Agreement, dated October 22, 2015.  *Id*. at ¶ 18 (a true and accurate

---

Mr. Schachter are joining, which shall be forthcoming.  For the reasons set forth herein, the Court should transfer the instant case to the Southern District of New York, where Peppertree/AMLQ's and Plaintiffs' cross petitions to confirm and vacate the arbitral tribunal's Final Partial Award and certain other orders are already pending.  It is the New York Court, before which issues related to the underlying arbitration are already pending, that should decide Peppertree/AMLQ's Motion to Compel.  Transfer to the Southern District of New York will also render Peppertree and AMLQ's 12(b)(2) Motions moot because Peppertree and AMLQ have consented to jurisdiction in that Court.

However, whether or not the Court grants the present Motion to Transfer Venue, Plaintiffs' Complaint is also subject to dismissal for multiple reasons.  As explained more fully in the Motion to Compel and 12(b)(2) Motions, Plaintiffs' Complaint is nothing more than an improper end-run around the adverse judgments of the arbitral tribunal (the "Tribunal") in the ongoing New York-based arbitration.  Significantly, in an order issued in the arbitration, the Tribunal has considered—and rejected—the very same theory that underlies Plaintiffs' Complaint.  Plainly frustrated that the Tribunal has not accepted their arguments, Plaintiffs are now improperly attempting to undermine its authority and rulings by improperly seeking the relief from this Court that they were denied in the arbitration.  For this reason alone, this Court should either send this dispute back to arbitration, where it belongs, or dismiss the Complaint because the Court lacks jurisdiction over Peppertree and AMLQ.  Finally, above and beyond these fatal flaws, Plaintiffs' Complaint is also subject to dismissal for its failure to state a cognizable cause of action, as set forth in the pending 12(b)(6) Motions.  As a matter of law, a mutual mistake cannot be founded on something known to all.

copy of which is attached hereto as **Exhibit A**). In the Shareholders Agreement, the shareholders agreed to arbitrate any disputes in *New York*, agreed to apply *New York* law to any such disputes, and consented to jurisdiction in *New York*. Ex. A, Shareholders Agreement at § 8.10 ("This Agreement will be governed by and construed in accordance with the Laws of the State of New York, United States. . ."); *id.* § 8.15 (stating that "any Dispute […] will be finally settled by binding arbitration" and that "[t]he seat of the arbitration shall be in New York, New York.").[2]

Pursuant to the Shareholders Agreement, on February 2, 2021, Peppertree filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association asserting various breaches of the Shareholders Agreement against Terra, DT Holdings, Inc., and affiliated individuals. Compl. at ¶ 24. On February 19, 2021, Terra asserted various counterclaims against Peppertree, as well as claims against AMLQ, *id*. at ¶ 25, which AMLQ countered on March 25, 2021. This arbitration continues today, and involves every single party to this matter.

On March 19, 2021, the parties to the arbitration executed a "Framework Agreement" which "describe[s] the general framework under which [GSG and Mr. Schachter] will serve as independent counsel for [the Company] as a nominal party *in the arbitration*." *Id*. at ¶ 27. The Framework Agreement is not an engagement letter between Mr. Schachter and GSG, on the one hand, and the parties to the arbitration, on the other, but, rather, is an action by the Company's *shareholders* (including Plaintiffs) and Board approving the engagement of independent Company counsel for the New York arbitration under certain terms. *See generally* Dec. 23, 2021 Order.[3] Mr. Schachter and GSG have represented the Company in the New York-based arbitration since the execution of the Framework Agreement and their subsequent engagement letter with the Company.

Plaintiffs now seek rescission of the Framework Agreement—more than a year after it was executed—claiming that Jorge Gaitán Castro ("Mr. Gaitán") was not the Company's Chief Executive Officer and thus lacked the authority to enter into the Framework Agreement on behalf

---

[2] DT Holdings, Inc. likewise consented to jurisdiction in New York when it executed the Development Agreement, another of the Company's governing documents, a true and accurate copy of which is attached hereto as **Exhibit B**. *See* Ex. B, Development Agreement § 3.4 (providing that the parties thereto "agree to abide and comply at all times with the dispute resolutions and arbitration provisions of Section 8.14 and Section 8.15 of the Shareholders' Agreement").

[3] The arbitral tribunal's December 23, 2021 Order is attached hereto as **Exhibit C**.

3

of the Company. Compl. at ¶¶ 32-38. Not only is Plaintiffs' Complaint fatally flawed for a myriad of reasons, but it also does not belong in this Court. *See generally* Peppertree/AMLQ's Motion to Compel (forthcoming); *see also* Peppertree/AMLQ's 12(b)(2) Motions. Indeed, the only parties who have any real connection whatsoever to Florida are Mr. Schachter and GSG; however, their only involvement in the matters giving rise to this action is limited to representing the Company *in New York* for over a year.[4] *See* Compl. at ¶¶ 8-9. The remaining parties' sole, tangential connection to Florida is the fact that Mr. Schachter and GSG, parties to the Framework Agreement, happen to be located there. But, again, Mr. Schachter and his law firm were retained *exclusively for purposes of the active and ongoing New York-based arbitration*. Given the diverse citizenship, principal places of business, and locus of the business activities of the parties here, not to mention what has already transpired in New York, *see id.* at ¶¶ 6-14, New York is the only proper forum to adjudicate this matter. In addition, because there are pending cross-petitions in the Southern District of New York to confirm and/or vacate an award from the New York-based arbitration, this action should be transferred to that court (if it is not first compelled to arbitration or otherwise dismissed).

## II.   LAW AND ARGUMENT

"A transfer motion under § 1404(a) requires a [straightforward] two-step analysis: (1) whether the case 'might have been brought' in the transferee forum; and (2) whether such a transfer supports 'the convenience of parties and witnesses' and 'the interests of justice.'" *Gilles v. Ocwen Loan Servicing LLC*, No. 1:21-CV-21657-JLK, 2021 WL 7368162, at *1 (S.D. Fla. July 6, 2021) (citing 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The answers to both of these threshold questions weigh heavily in favor of transferring this action to the Southern District of New York.

### A.   This Case Should Have Been Brought in the Southern District of New York.

This case could and should have been brought originally in the Southern District of New York. Under Section 1391, venue is proper (1) "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (2) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[4] Mr. Schachter and GSG will consent to a New York court's jurisdiction over them for purposes of this action.

defendant is subject to the ***court's personal jurisdiction with respect to such action***." 28 U.S.C. § 1391(b)(2)-(3) (emphases added). Venue is proper in the Southern District of New York under both prongs.

***First***, the Framework Agreement's sole purpose was to authorize the Company to hire independent counsel and to govern that independent representation of the Company in the New York arbitration, in which the Company is a nominal party. Under its express terms, Mr. Schachter and GSG have now been providing representation to the Company in New York for over a year. The gravamen of the Complaint is a retroactive dispute over the propriety of that agreement, which stems from a New York-based arbitration. Thus, it cannot be debated that "a substantial part of the events or omissions giving rise to the claim occurred" and, indeed, are continuing in New York—not Florida. *See* 28 U.S.C. § 1391(b)(2).

***Second***, it is beyond dispute that all parties, except Mr. Schachter and GSG, are "subject to the court's personal jurisdiction" in New York by virtue of their execution of the Shareholders Agreement seven years ago.[5] *See* Shareholders Agreement at § 8.15 (stating that "any Dispute […] will be finally settled by binding arbitration […] [t]he seat of the arbitration shall be in New York, New York"); *see also Stolt Tankers BV v. Allianz Seguros,* S.A., No. 11 Civ. 2331 (SA), 2011 WL 2436662, at *4 (S.D.N.Y. Jun. 16, 2011) (stating that it is "well-settled that federal courts applying New York law have personal jurisdiction over parties that agree to arbitrate their disputes in New York."). *See* 28 U.S.C. § 1391(b)(3).

Critically, Peppertree/AMLQ are ***not*** subject to personal jurisdiction in the Southern District of Florida in the first instance. Florida cannot exercise general personal jurisdiction over Peppertree/AMLQ because Peppertree/AMLQ are not incorporated in Florida, their principal places of business are not in Florida, and their operations are so lacking and insubstantial in Florida that they cannot be considered to be "at home" there. *See generally* Peppertree/AMLQ's 12(b)(2) Motions. Florida's long-arm statute, Fla. Stat. § 48.193(1)(a), also does not authorize this Court to exercise specific personal jurisdiction over Peppertree/AMLQ. *See generally id.*; *see also Paul's Cars, Inc. v. Hershey Contracting, Inc.*, No. 5:13-cv-75, 2013 WL 5230655, at *3 (M.D. Fla. Sept. 16, 2013). Under these circumstances, even if Florida's long-arm statute were to authorize the exercise of personal jurisdiction over Peppertree/AMLQ (which it does not), doing

---

[5] DT Holdings, Inc. likewise consented to jurisdiction in New York when it executed the Development Agreement. *See* Ex. B (Development Agreement) § 3.4.

so would violate Peppertree/AMLQ's Due Process rights. *See generally* Peppertree/AMLQ's 12(b)(2) Motions; *see also Hartman v. Shakeri*, No. 12-23190, 2013 WL 12094629, at *7–8 (S.D. Fla. June 14, 2013). Accordingly, this case should have been brought in the Southern District of New York, not Florida, and it should now be transferred to the proper venue.

### B. The Totality of Factors Mandates Transfer to the Southern District of New York.

After determining that a case could have been brought in the transferee forum, federal courts weigh several factors to determine whether transfer is appropriate. These factors include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Laskaris v. Fifth Third Bank,* 952 F. Supp. 2d 1297, 1298 (S.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). These factors all support transferring this action to New York. The totality of circumstances here weighs heavily in favor of transferring this action to the Southern District of New York.

#### 1. *Plaintiffs' Choice of Forum is Not Entitled to Deference Here.*

While courts can put stock in the Plaintiffs' choice of forum, "[c]ourts give minimal deference to a plaintiff's choice of forum when 'the claims raised in [the plaintiff's] complaint only appear to have a limited connection with this District.'" *Jones Real Est., Inc. v. Avatel Techs., Inc.*, No. 17-23933-CIV, 2018 WL 1121537, at *3 (S.D. Fla. Mar. 1, 2018) (quoting *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011)). "[A] plaintiff's choice of forum will be afforded less deference when the operative facts underlying the action occurred outside the district chosen by the plaintiff," *Point Blank Enterprises, Inc. v. Iten Indus., Inc.*, No. 20-CV-62482-WPD, 2021 WL 4711921, at *3 (S.D. Fla. May 6, 2021) (internal quotations omitted), or "where the chosen forum is not the plaintiff's home forum and has a limited connection to the lawsuit." *Lowery v. Auto Club Grp., Inc.*, No. 16-81637-CIV, 2017 WL 11037930, at *2 (S.D. Fla. Mar. 1, 2017). That is the case here.

Little deference should be afforded to Plaintiffs' choice of forum here. Virtually every allegation in their Complaint occurred ***outside*** of Florida, and all parties but Mr. Schachter and

GSG are foreign entities, including Plaintiffs: "Plaintiff Terra Towers is incorporated in the British Virgin Islands and has its principal place of business in Road Town, Tortola, British Virgin Islands," Compl. at ¶ 6, and "Plaintiff Terra TBS is a *Sociedad de Responsabilidad Limitada*, formerly *a sociedad anonima*, organized under the laws of Panama with its principal place of business in Panama City, Panama," *id*. at ¶ 7.  Accordingly, this Court should not defer to Plaintiffs' decision to file this action in Florida.

> 2. ***The Relevant Witnesses, Documents, and Locus of Operative Facts Are Not Here, But, Rather, in the Southern District of New York, Where the Arbitration and All Related Court Proceedings Are Currently Pending.***

The heart of this action is not in the Southern District of Florida but, rather, it arose—and is centered—in the Southern District of New York.  The parties entered into the Framework Agreement as part of the ongoing arbitration in New York, the location ***mandated*** by the parties' Shareholders Agreement, and significant aspects of that arbitration are already subject to a pending confirmation action in the Southern District of New York.  In addition, the New York-based arbitration is still active and ongoing.

Indeed, only two of the parties to this lawsuit are from Florida, *see* Compl. at ¶¶ 8–9; the rest are from elsewhere. *Id*. at ¶¶ 6-7, 10-14.  As such, the first three factors—(i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; and (iii) the convenience of the parties—all favor litigating Plaintiffs' Complaint in New York over Florida.  Consequently, Florida could potentially be more convenient only for Mr. Schachter and GSG (who nonetheless join in this motion)—and that is not even certain given the alleged facts—and, it is surely much less convenient for the majority of the parties.  Moreover, Mr. Schachter and GSG were specifically retained to act as the Company's counsel exclusively in the underlying New York-based arbitration and have consented to jurisdiction in New York for purposes of this litigation.[6]  *Id*. at ¶ 26.  Thus, the Framework Agreement was to be—and is—being performed in New York, not Florida.  Finally, because the parties to this lawsuit are involved in an active and ongoing New York-based arbitration, as well as litigation in the Southern District of New York, New York is more convenient for the parties.  Otherwise, the parties would have to travel between Florida and New York.

---

6   Mr. Schachter is licensed to practice law in both Florida and New York.

As it cannot fairly be disputed that the witnesses, documents, and the very locus of operative facts sit not in the Southern District of Florida, but, rather, in the Southern District of New York, this factor also urges transfer. *See Jones Real Est.,* 2018 WL 1121537, at *3, 7 (granting motion to transfer action to New York based on the totality of circumstances, including "the Southern District of Florida is neither the plaintiff's home forum nor the locus of operative facts," where the parties' lease agreement was not made nor performed in Florida; none of the parties were located in Florida; the equipment subject to the lease agreement was not in Florida; and relevant insurance charges were not billed from nor paid in Florida).

### 3.  *Trial Efficiency and the Interests of Justice Support Transfer.*

The public interest factors of trial efficiency and the interests of justice also counsel strongly in favor of transfer. The Southern District of New York has a demonstrably greater interest in this case than the Southern District of Florida because there is highly interrelated litigation already pending in the New York court. *See Great Lakes Transportation Holding LLC v. Yellow Cab Serv. Corp. of Fla., Inc.*, No. 10-80241-CIV, 2012 WL 12930665, at *8–9 (S.D. Fla. Feb. 6, 2012) (granting motion to transfer and noting that the "most compelling reason for transfer is the existence of the pending case in the Eastern District of Michigan…the pending litigation in the Eastern District of Michigan is directly related to the action here."). Here, it is as straightforward as it can be. The Framework Agreement would not exist but for the ongoing New York arbitration. Decisions in that arbitration are presently the subject of a pending action before the Southern District of New York. Even where "the factors of Plaintiff[s'] choice of forum and the ability to compel the testimony of Florida witnesses disfavor transfer, these considerations are outweighed by the other relevant factors and **the necessity of consolidating the two interrelated actions**." *Id.* at *9 (emphasis added).

Indeed, at issue in this litigation is the Company's authority under the Shareholders Agreement, which is governed by *New York* law, to engage independent counsel for the arbitration in *New York*. The Framework Agreement serves the *sole* purpose of permitting the Company to engage Mr. Schachter and GSG as that independent counsel for the Company during the pendency of the arbitration. Plaintiffs have already raised, and lost, the *very same* arguments on the *very same* theory that forms the basis of their Complaint here. The New York tribunal considered and *rejected* those same arguments. *See* Ex. C, Dec. 23, 2021 Order. Moreover, Peppertree/AMLQ **have already brought** an action to confirm the Tribunal's ruling against these Plaintiffs, as

Respondents in the Southern District of New York, stemming from the same arbitration, *Telecom Business Solution LLC, et al. v. Terra Towers Corp., et al.*, No. 1:22-cv-01761 (S.D.N.Y.). And Plaintiffs have filed their own petition to vacate the Tribunal's rulings in the Southern District of New York. *See id.* As such, the Southern District of New York court will consider the same issues regarding the relationship among the parties, and the parties' rights, under the Shareholders Agreement. *See Elliott v. Williams*, 549 F. Supp. 3d 1333, 1341 (S.D. Fla. 2021) (granting motion to transfer where the transferee forum was "a place where a substantially identical action has already been brought").

Finally, transfer will conserve judicial resources and will not prejudice Plaintiffs' case. This case has been on the docket for a very brief time. Consequently, there has been no formal action or development of the record thus far. Moreover, the overriding "purpose of section 1404(a) is to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Rubenstein L., P.A. v. Friedman L. Assocs., P.L.*, No. 16-CV-20792, 2016 WL 9211671, at *1 (S.D. Fla. June 10, 2016) (internal quotations omitted). Transferring this case so that it can be consolidated with the pending action in the Southern District of New York serves the purposes of § 1404(a) by avoiding parallel litigation and unnecessary inconvenience to the litigants, and by conserving time, energy, and money for the parties and the courts involved.

Plaintiffs cannot provide any meaningful, much less, compelling reason why a United States District Court in Florida should adjudicate a case so irrevocably interrelated to a pending action in the Southern District of New York, which arises directly out of an arbitration likewise firmly situated in New York. The 28 U.S.C. § 1404(a) factors overwhelmingly weigh in favor of transferring this action to the Southern District of New York.

### III. CONCLUSION

For the reasons set forth herein, the Moving Parties respectfully request that the Court transfer this case to the Southern District of New York.

Dated:  April 25, 2022

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
Stephanie A. Casey
Florida Bar No. 97483
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: (305) 476-7400
bob@colson.com
scasey@colson.com

*Counsel for Adam Michael Schachter and Gelber Schachter & Greenberg, P.A.*

Respectfully submitted,

By: */s/ Marcos D. Jiménez*
Marcos D. Jiménez
**MARCOS D. JIMÉNEZ, P.A.**
255 Alhambra Circle, 8th Floor
Coral Gables, FL 33134
Phone: (305) 570-3249
mdj@mdjlegal.com

Michael N. Ungar*
Katherine M. Poldneff*
Gregory C. Djordjevic*
**ULMER & BERNE LLP**
1660 W 2nd Street, Suite 1100
Cleveland, OH 44113
Phone: (216) 583-7000
mungar@ulmer.com
kpoldneff@ulmer.com
gdjordjevic@ulmer.com

Gregg L. Weiner*
Ethan R. Fitzgerald*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Ethan.Fitzgerald@ropesgray.com

Daniel V. Ward*
Katherine M. McDonald*
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Daniel.Ward@ropesgray.com
Katherine.McDonald@ropesgray.com

*Application seeking admission *pro hac vice* forthcoming

*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that, on April 20, 2022 and again on April 21, 2022, I made reasonable efforts to confer with Plaintiffs' and DT Holdings, Inc.'s counsel via email in a good-faith effort to resolve by agreement the issues raised in this motion, and after conferring, the parties have been unable to do so.

 /s/ Marcos D. Jiménez
Marcos D. Jiménez

*Counsel for Defendants Telecom Business Solution, LLC; LATAM Towers, LLC; and AMLQ Holdings (Cay), Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

I further certify that on April 25, 2022, a copy of the foregoing was served by Electronic Mail on the following counsel:

>John F. Baughman
>jbaughman@jfblegal.com
>
>George W. Kroup
>gkroup@jfblegal.com
>
>Juan J. Rodriguez
>jrodriguez@careyrodriguez.com
>
>Jennifer M. Hernandez
>jhernandez@careyrodriguez.com

*Counsel for Terra Towers Corp. and TBS Management, S.A.*,

>Allan A. Joseph
>ajoseph@fidjlaw.com

*Counsel for DT Holdings, Inc.*

                                                             /s/ Marcos D. Jiménez
                                                             Marcos D. Jiménez

                                                             *Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*