UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

TERRA TOWERS CORP. and TBS
MANAGEMENT, S.A.,

    Plaintiffs,

vs.

ADAM MICHAEL SCHACHTER,
GELBER SCHACHTER & GREENBERG,
P.A., CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED, TELECOM
BUSINESS SOLUTION, LLC, LATAM
TOWERS, LLC, AMLQ HOLDINGS
(CAY) LTD., and DT HOLDINGS, INC,

  Defendants.
_____/

## PLAINTIFFS' AMENDED RENEWED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT[1]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), and this Court's paperless Order [ECF No. 30], entered on May 10, 2022, Plaintiffs, Terra Towers Corp. and TBS Management S.A. (hereinafter collectively "Plaintiffs" or "Terra") hereby file the instant amended renewed

---

[1] On May 13, 2022, the Clerk of Court issued a Notice of "Login/Signature Block Violation" to Plaintiffs [ECF No. 33] because "[t]he name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document." This Notice directs Plaintiffs to file a Notice striking the original Renewed Motion for Leave to File a First Amended Complaint [ECF No. 32], and to refile an Amended Renewed Motion for Leave to File a First Amended Complaint that is compliant with the CM/ECF Administrative Procedures. In compliance with the Clerk of Court's Notice of "Login/Signature Block Violation" [ECF No. 33], Plaintiffs filed a Notice Striking its noncompliant document [ECF No. 34], and Plaintiffs now file the instant Amended Renewed Motion for Leave to File a First Amended Complaint that is compliant with the CM/ECF Administrative Procedures. This document was refiled solely to comply with the Clerk of Court's Notice [ECF No. 33] and does not contain any material changes from the Renewed Motion for Leave to File a First Amended Complaint [ECF No. 32].

motion (the "Motion for Leave") seeking leave to file a First Amended Complaint against Adam Schacter ("Schachter") and Gelber Schacter & Greenberg, P.A. (collectively "GSG" and together "Defendants"). In support thereof, Plaintiffs state as follows:

## INTRODUCTION

Plaintiffs seek leave to file the proposed First Amended Complaint ("FAC"), attached hereto as **Exhibit A**.[2] The FAC significantly narrows the scope of this litigation by removing four of the current Defendants from the proceedings, replacing the current causes of action with two causes of action: Legal Malpractice and Breach of Fiduciary Duty, which will only be asserted against Defendants Schachter and GSG.

Plaintiffs, as majority shareholders, would alter the operative pleading to bring a shareholder derivative action on behalf Continental Towers Latam Holding Limited (the "Company"). The FAC alleges two new causes of action, Legal Malpractice and Breach of Fiduciary Duty, based on the continued unlawful practices of Defendants Schachter and GSG during their ongoing representation of the Company. In addition, the FAC removes the current causes of action for rescission and injunctive relief. The amendment would also remove four Defendants—Telecom Business Solution, LLC, LATAM Towers, LLC, AMLQ Holdings (CAY) Ltd., and DT Holdings, Inc.—and would name the Company a nominal defendant.

## PROCEDURAL HISTORY

Plaintiffs initiated this action in the Eleventh Judicial Circuit in and for Miami-Dade County on March 7, 2022. Defendants subsequently received service of process on March 18, 2022.

---

[2] If Plaintiffs' Motion for Leave is granted, Plaintiffs intend to file a motion seeking remand of this cause back to the Circuit Court of Miami-Dade County because the pendency of claims and Parties related to the New York Convention have been removed, thereby eliminating the claims Defendants relied on in their Notice of Removal.

Shortly after, on March 24, 2022, Defendant DT Holdings, Inc. ("DTH"), filed its responsive pleading to Plaintiffs' state court complaint while these proceedings were still pending before the Eleventh Judicial Circuit in and for Miami-Dade County. When DTH filed its responsive pleading on March 24, 2022, it triggered Plaintiffs' twenty-one-day deadline to file an amended pleading as a matter of course under Fed. R. Civ. P. 15 (a)(1)(B). As such, Plaintiffs' deadline to file an amended pleading as a matter of course under Fed. R. Civ. P. 15 (a)(1)(B) expired on April 14, 2022. Thereafter, on April 18, 2022, Defendants filed their notice of removal, asserting federal question jurisdiction as the basis for this Court's subject matter jurisdiction [ECF No. 1].

On May 9, 2022, almost a month after Plaintiffs' deadline to file an amended pleading as a matter of course expired, Plaintiffs filed their initial Motion for Leave to File a First Amended Complaint [ECF No. 25], as required pursuant to Fed. R. Civ. P. 15 (a)(2). That same day, the Court entered a paperless Order [ECF No. 27] denying without prejudice Plaintiffs' initial Motion for leave to file an amended complaint because "Rule 15(a)(2), upon which the Plaintiffs rely, is not applicable and the Court, therefore, may not permit amendment on that basis." Plaintiffs promptly filed a motion for reconsideration [ECF No. 28] of the Court's paperless Order [ECF No. 27] because Plaintiffs' deadline to file an amended pleading as a matter of course under Fed. R. Civ. P. 15 (a)(1)(B) expired on April 14, 2022, due to the submission, on March 24, 2022, of DTH's responsive pleading in the underlying state court proceedings. The Court then denied Plaintiffs' motion for reconsideration, *see* [ECF No. 30], because "the initial motion [for leave] fails to set forth the actual procedural history of the case, which supports seeking amendment under Federal Rule of Civil Procedure 15(a)(2), as opposed to Rule 15(a)(1)(B)." [ECF No. 30]. In that same Order [ECF No. 30], the Court directed Plaintiffs to file a renewed motion for leave to file an amended pleading on or before noon on May 12, 2022. Plaintiffs now file the instant amended

renewed motion for leave to amend the state court complaint in compliance with the Court's May 10, 2022, paperless Order [ECF No. 30].

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading with leave of court, and leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Rule 15(a) embodies a generous policy of "liberally permitting amendments[.]". *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). This policy exists to "facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 1:17-CV-20724-KMM, 2017 WL 5668110, at *1 (S.D. Fla. Oct. 13, 2017) (citations omitted). Thus, Rule 15(a) limits a district court's discretion in denying leave to amend, and absent "*substantial* reasons[,]" a plaintiff's request for leave to amend should be granted.[3] *Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2016 WL 11501766, at *1 (S.D. Fla. Aug. 23, 2016) (quoting *Bowers v. U.S. Parole Comm'n, Warden*,760 F.3d 1177, 1185 (11th Cir. 2014)) (emphasis added).

This action was filed in the Circuit Court for Miami-Dade County on March 7, 2022, and removed to this Court on April 18, 2022. This case is still in its infancy and thus Plaintiffs' Motion for Leave is timely. *See Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999) (stating that "timely motions for leave to amend are held to a very liberal standard").

---

[3] This Motion for Leave should be granted prior to resolving the multiple motions to dismiss filed by Defendants. *See Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) ("a district courts discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a), which directs that leave to amend shall be freely given when justice so requires.") (citation and internal quotation marks omitted).

This liberal amendment standard dictates that there must be a substantial reason to deny Terra's Motion for Leave to amend. *See Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id*. (citation and internal quotation marks omitted). None of the "substantial reasons" that would justify a denial of a request to amend are present at this juncture of the proceedings.

First, no undue delay exists here because Terra's Motion for Leave is timely filed. The Court has yet to enter a scheduling order, and thus the Motion for Leave is filed prior to the expiration of any deadline. *Buja*, 2016 WL 11501766 at *1 ("This Court cannot agree with Defendants that the circumstances of the case justify a finding of undue delay. Plaintiff filed the instant Motion seeking leave to amend the 1st Amended Complaint prior to expiration of the deadline for making amendments to the pleadings set forth in the Court's Scheduling Order."). Moreover, there has yet to be a single discovery request propounded, and no trial date has been set.

Terra's Motion for Leave is not being filed in "bad faith" or with a "dilatory motive." To the contrary, the FAC substantially narrows the scope of the litigation, as well as the parties involved. The FAC dismisses four of the seven Defendants, alleviates the need for this Court to determine whether Plaintiffs are entitled to rescission of the Framework Agreement, whether this litigation should be transferred across the nation, and whether this Court has personal jurisdiction over certain Defendants. By providing additional allegations addressing Schachter and GSG's misconduct, Plaintiffs' effort to enjoin Schachter and GSG from taking further action on behalf of the Company is more direct and colorable.

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

Defendants will not suffer any undue prejudice if this Court grants Terra's Motion for Leave. The removal of the pending claims against Defendants, most of whom will be dismissed from the case all together, certainly cannot be the basis for an assertion of undue prejudice. *See Mobile Insight, LLC v. Originwave Tech Soft Private Ltd.*, No. 1:12-22662-CIV, 2012 WL 13014992, at *2 (S.D. Fla. Oct. 22, 2012) (stating the withdrawal of a claim is not a basis for undue prejudice). Additionally, the FAC contains more details about what acts of professional misconduct Schachter and GSG have undertaken. Furthermore, when juxtaposing the FAC's allegations with governing authority setting forth the requisite allegations that must be asserted in support of claims for legal malpractice, *see Law Office of David Stern v. Security National Servicing Corporation*, 969 So. 2d 962, 966 (Fla. 2007) (outlining the elements of legal malpractice), and for breach of fiduciary duty, *see Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002) (outlining the elements of breach of fiduciary duty), it is clear both claims are properly pled.

Finally, the FAC is not futile. The two new causes of action are abutted by a substantially detailed factual basis and are supported by the requisite allegations that must be asserted in support of each claim, as mentioned above. Furthermore, Defendants Schachter and GSG's Motion to Dismiss [ECF No. 6], which contends that the operative Complaint fails to state claims for rescission and injunctive relief, would be mooted, as those claims have been removed in the proposed FAC. Furthermore, Telecom Business Solution, LLC's and LATAM Towers, LLC's Motion to Dismiss [ECF No. 12] for lack of personal jurisdiction would be mooted as well because both defendants would be removed from the case. Finally, AMLQ's Motion to Dismiss [ECF No. 13] for failure to state a claim, as well as for lack of personal jurisdiction, would be mooted, as the FAC removes defendant AMLQ from the case.

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

## **CONCLUSION**

WHEREFORE, Terra respectfully requests leave to file the proposed First Amended Complaint, attached hereto as **Exhibit A**, pursuant to Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures.

Dated: May 13, 2022

Respectfully submitted,

**CAREY RODRIGUEZ MILIAN, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

*/s/ Luke T. Jacobs*
Luke T. Jacobs
Fla. Bar. No. 1024686
Email: ljacobs@careyrodriguez.com
Juan J. Rodriguez
Fla. Bar No. 613843
Email: jrodriguez@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
*Attorneys for Plaintiffs*

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner, on May 13, 2022, to all counsel or parties of record.

*/s/ Luke T. Jacobs*
Luke T. Jacobs

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3) AND THE COURT'S MAY 10, 2022, PAPERLESS ORDER [ECF NO. 30]

Pursuant to Local Rule 7.1 (a)(3), I hereby certify that on April 28, 2022, counsel for Plaintiffs contacted Defendants' counsel via email in an attempt to meet and confer with respect to this Renewed Motion for Leave. Plaintiffs outlined the current pending motions, its intention to seek leave to amend the Complaint, to submit a motion for remand, and to submit a motion to stay the proceedings. Plaintiffs also provided further background concerning the removal and addition of claims and defendants in the proposed First Amended Complaint.

Furthermore, in compliance with the Court's May 10, 2022, paperless Order [ECF No. 30], wherein the Court directed "[a]ll counsel [to] immediately make themselves readily available for a fulsome, good-faith Local Rule 7.1(a)(3) conferral before the filing of the Plaintiffs' motion, which itself must include a detailed description of those efforts[,]" on May 11, 2022, at 4:30 p.m., counsel for all parties convened through a virtual conference call in a further attempt to meet and confer with respect to the instant Renewed Motion for Leave to File a First Amended Complaint. During the conference, counsel for all parties outlined their respective client's position, as well as the legal authority they relied upon in support of their position. Counsel for Defendants Adam Michael Schachter and Gelber Schachter & Greenberg indicated that they oppose Plaintiffs' Renewed Motion for leave. Counsel for Defendants Continental Towers Latam Holdings Limited, Telecom Business Solution, LLC, Latam Towers, LLC, and AMLQ Holdings (Cay) Ltd., advised that they "continue not to take a formal position on the substantive request in your Motion to Amend, as we indicated when you originally filed it[,] [h]owever, consistent with our representation with respect to your Motion for Reconsideration, should you re-file the Motion to Amend, we intend to file a response thereto." Counsel for Defendant DT Holdings, Inc., indicated that it does not oppose the relief sought in Plaintiffs' Renewed Motion for Leave to file a First

Amended Complaint. The parties also exchanged e-mail correspondence memorializing their positions during the virtual conference. However, despite the conferral efforts outlined above, the Parties could not reach an agreement with respect to Plaintiffs' Renewed Motion for Leave to File a First Amended Complaint.

 _/s/ Luke T. Jacobs_
Luke T. Jacobs