# Exhibit A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO: 1:22-cv-21204-SCOLA/GOODMAN**

TERRA TOWERS CORP. and TBS
MANAGEMENT, S.A., derivatively on behalf of
CONTINENTAL TOWERS LATAM HOLDINGS
LIMITED,

      Plaintiffs,

v.

ADAM MICHAEL SCHACHTER, and GELBER
SCHACHTER & GREENBERG, P.A.,

      Defendants,

and

CONTINENTAL TOWERS LATAM HOLDING
LIMITED,

      Nominal Defendant.

---

## FIRST AMENDED COMPLAINT

      Plaintiffs, Terra Towers Corp. ("Terra Towers") and TBS Management, S.A. ("Terra TBS") (collectively "Terra" or "Plaintiffs"), derivatively on behalf of Continental Towers Latam Holdings Limited (the "Company" or "Continental Towers"), file the instant First Amended Complaint against Defendants Adam M. Schachter ("Schachter") and Gelber Schachter & Greenberg, P.A. ("GSG"), and allege as follows:

### NATURE OF THIS ACTION

      1.     This is a shareholder derivative suit for damages caused by Defendants' repeated and ongoing legal malpractice as counsel for Continental Towers.

## PARTIES

2.     Plaintiff Terra Towers is a company incorporated in the British Virgin Islands with its principal place of business in Road Town, Tortola, British Virgin Islands. Terra Towers is a shareholder of the Company.

3.     Plaintiff Terra TBS is now, and at all times relevant hereto was, a *Sociedad de Responsabilidad Limitada*, formerly a *sociedad anonima*, organized under the laws of Panama with its principal place of business in Panama City, Panama.

4.     Defendant Schachter is now, and at all relevant times was, an adult resident of Miami-Dade County, Florida.  Defendant Schachter is a duly licensed Florida attorney.

5.     Defendant Gelber Schachter & Greenberg, P.A. ("GSG'), is a professional association duly incorporated and authorized to do business in the State of Florida with its principal place of business in Miami-Dade County, Florida.  Defendant Schachter is employed at GSG as a director and an attorney to render legal services.

## JURISDICTION AND VENUE

6.     Plaintiffs assert this action for Legal Malpractice and Breach of Fiduciary Duty, within the jurisdiction of the circuit courts of Florida pursuant to section 26.012(2)(a), Florida Statutes because Plaintiffs seek damages in excess of $30,000 exclusive of costs, interest, and reasonable attorneys' fees.

7.     Venue is proper in Miami-Dade County pursuant to section 47.011, Florida Statutes because it is the county where both Defendants reside, and the acts or omissions which form the basis for this Complaint occurred in Miami-Dade County.

8.     Jurisdiction is proper, *inter alia*, pursuant to section 48.193, Florida Statute because Defendants Schachter and GSG operate, conduct, engage in, or carry on business in the state of

Florida and have an office in the state of Florida.

## FACTUAL BACKGROUND

9.      On or about October 22, 2015, Telecom Business Solution, LLC, and Latam Towers, LLC (collectively, "Peppertree"), Terra, AMLQ Holdings (CAY) Ltd ("AMLQ"), and the Company entered into a Shareholders Agreement.

10.     The Shareholders Agreement, in conjunction with other governing documents,[1] sets forth the terms under which the parties must fund, develop, and operate telecommunication towers in various locations across Central and South America.

11.     Under the terms of the Shareholders Agreement, Plaintiffs Terra are majority shareholders in the Company, with a 54.45% share interest, and Peppertree and AMLQ are minority shareholders, possessing a 32.2% and 13.35% share interest, respectively.

12.     Section 4.06 of the Shareholders Agreement appointed Jorge A. Gaitán ("Gaitán"), as the initial Chief Executive Office of Continental Towers.

13.     A board resolution, which was passed on May 16, 2016, removed Gaitán from the CEO position and appointed Alberto Arzú ("Arzú") as his replacement. A true and correct copy of the May 16, 2016, Board Resolution is attached as **Exhibit** "**A**."

14.     On February 2, 2021, Peppertree initiated arbitration proceedings against Plaintiffs and others in New York before the American Arbitration Association ("AAA"), bearing case number 01-21-0000-4309 (the "Underlying Arbitration").

15.     In brief, Peppertree's Demand for Arbitration and Statement of Claim asserted

---

[1] In addition to the Shareholders Agreement, Peppertree, Terra Towers, Terra TBS, AMLQ, and Continental Towers also entered a Subscription Agreement, a Development Agreement and an Offshore Turnkey Engineering, Procurement, and Management Contract, that collectively govern their commercial relationship.

various claims, both in its individual capacity and derivatively, for monetary and equitable relief against Plaintiffs and the Company's directors.  The Company was named a nominal defendant in the Underlying Arbitration.

16.     Among other claims, Peppertree alleged causes of action based on material breaches of the Shareholders Agreement.  Peppertree's Demand for Arbitration and Statement of Claim also asserted material breaches of the related governing documents that were executed by the parties to the Shareholders Agreement.[2]

17.     Arzú remained in the position of CEO of Continental Towers until March 9, 2021, when he resigned from all his positions as director or officer of the Company or its subsidiaries. Arzú's resignation was precipitated by Peppertree's initiation of the Underlying Arbitration.

18.     Following institution of the Underlying Arbitration proceedings, Peppertree, a minority shareholder in Continental Towers, unilaterally retained attorney Charles Falletta ("Falletta") from the law firm Sills Cummis & Gross, P.C. ("Sills Cummis") to represent Continental Towers as a nominal defendant.  Sills Cummis, however, had not been retained by the Company's Executive Team nor with the approval of the Company's Board or its majority shareholder, Terra.

19.     On February 22, 2021, counsel for Terra advised Sills Cummis that, due to its improper retention and subsequent termination by the Company, it must withdraw as counsel for the Company in the Underlying Arbitration by February 27, 2021.

20.     Thereafter, on February 24, 2021, upon learning of this improper retention, the Company advised Sills Cummis that it was never made aware of, or much less authorized, the retention of Sills Cummis to represent Continental Towers in the Underlying Arbitration.

---

[2] *See* Footnote 1, *supra*.

21.     The Company thereafter promptly terminated Sills Cummis and demanded that it immediately furnish a copy of any retainer agreement between the Company and Sills Cummis, as well as any correspondence or communications Sills Cummis had with persons purporting to represent the Company (collectively, the "Documents").

22.     After some initial resistance from Sills Cummis and Peppertree, Sills Cummis and Falleta ultimately withdrew as counsel for Continental Towers in the Underlying Arbitration.

23.     Subsequently, on or about March 9, 2021, Continental Towers, through its purported CEO, Gaitán, retained Defendants Schachter and GSG to represent the Company's interests as a nominal party in the Underlying Arbitration proceedings. A true and correct copy of the Engagement Agreement is attached hereto as **Exhibit "B."**  Thereafter, GSG entered its appearance on behalf of the Company in the Underlying Arbitration.

24.     The Engagement Agreement clearly provided for the scope of the representation to solely encompass representation of Continental Towers as GSG's Client.   The Engagement Agreement further provided as follows: "[i]n signing below, Client also expressly affirms and acknowledges that pursuant to Section 4.06 of the [Shareholders Agreement], the Executive Team (through the Chief Executive Office and the Chief Financial Officer) is hiring GSG in accordance with its authority to supervise and control all of the business and affairs of the Company.  Client also expressly acknowledges and affirms that GSG will not be asked to take any action set forth in Section 4.04 of the [Shareholders Agreement] without the approval of the Board.  Furthermore, due to the nature of the dispute in the above-referenced arbitration, GSG will communicate with Client primarily through its Chief Executive Officer (Jorge Gaitán Castro) and any other individuals designated by him." *See* Engagement Agreement at 2.

25.     Gaitán represented to Plaintiffs and the Company that he had executed the

Engagement Agreement pursuant to his authority as the purported CEO of the Company under section 4.06(a) of the Shareholders Agreement and "on behalf of the Executive Team of Continental Towers Latam Holdings Limited." However, Gaitán was not the CEO of the Company because he had been removed many years earlier, and Gaitán had not consulted or disclosed the retention of GSG to the Company's CFO, Juan Francisco Quisquinay ("Quisquinay"), the only current member of the Executive Team.

26.     Additionally, on March 19, 2021, Schachter and GSG distributed a Framework Agreement (the "Framework Agreement") to Plaintiffs and minority shareholders, Peppertree and AMLQ, and counsel, which set forth the terms under which Schachter and GSG would serve as "independent counsel for Continental Towers Latam Holdings Limited" and would "represent the company's interests as a nominal party" in the Underlying Arbitration. This Framework Agreement specified that Gaitán, in his capacity as the Company's CEO, had retained Schachter and GSG to act as independent counsel for the Company.

27.     The Framework Agreement also assured the parties that "in the event Mr. Gaitán is no longer CEO of the company, [Mr. Schachter] may ask the parties to agree on a person or persons who may fill his role, and, if there is no such agreement, I may ask for guidance from the arbitration panel or a court (and, as set forth above, all parties' rights will have been reserved)."

28.     Plaintiffs Terra approved and executed the Framework Agreement based on their understanding that Gaitán was the legitimate CEO of Continental Towers. Peppertree and AMLQ, on the other hand, were fully aware that Gaitán's representations as to his corporate capacity and authority to act as the Company's CEO were in fact false.

29.     On March 19, 2021, Schachter similarly advised the AAA during an administrative conference call that he was retained as counsel of record for the Company in the Underlying

Arbitration by Gaitán as CEO for the Company.  Schachter and GSG understood their client to be the Company yet almost immediately proceeded to represent the personal interests of Gaitán and, more egregiously, to violate their sacred duty to maintain the confidences of their client and preserve privileged communications.

### Schachter and GSG breach their duty to the Company.

30.    On or about August 28, 2021, Schachter and GSG received letters from the Company's country managers and received a letter with attachments from the Company's CFO, Juan Francisco Quisquinay. The documents were from the Company's Management and from a member of the Company's Executive Team, Quisquinay, as the Company's CFO.

31.    In particular, the letter and its attachments expressly stated it was being transmitted by Quisquinay as "CFO of Continental" and addressed to Schachter as "outside counsel for that company" for purposes of providing information to Schachter the CFO believed was relevant in rendering legal advice to the Company.  Without a doubt, the Company's CFO was a "constituent" of the Company under Rule 4-1.13 of Florida's Rules of Professional Conduct, and the communication was clearly a protected attorney-client communication.

32.    Nevertheless, Schachter and GSG disclosed the privileged communications from the Company's Management and the CFO, a member of the Executive Team, to all the parties in the Underlying Arbitration including counsel pursuing claims against the Company and adverse to the interests of Schachter and GSG's Client.

33.    Believing the disclosure to have been inadvertent, counsel for Plaintiffs Terra immediately instructed Schachter and GSG to retract the disclosed documents. Defendants refused.

34.    Thereafter, in letters dated October 11th and 18th, 2021, from Schachter and GSG to the Tribunal in the Underlying Arbitration, Schachter expressly undertook to represent the

personal interests of Gaitán and an independent contractor for an affiliate of the Company in Guatemala, Carol Echeverria, in making allegations that they were wrongfully terminated by one of the Company's directors and the principal of Terra.   In furtherance of these allegations, Schachter and GSG made Gaitán and Echeverria available for interviews with the minority shareholders, Peppertree and AMLQ, and their counsel. Terra, the majority shareholders and its counsel, were not notified of these interviews, despite the fact that, at least ostensibly, Schachter and GSG had agreed in the Framework Agreement that they would remain "neutral" and act as independent counsel in the best interest of the Company.

35.     Rather than acting for the Company or remaining "neutral," Schachter and GSG were now representing the personal interests of purported officers of the Company, who are currently pursuing legal claims for wrongful termination against the same Company Schachter and GSG purported to represent.   Rather than remain "neutral" in the Underlying Arbitration, Schachter and GSG were now aligned and secretly cooperating with the minority shareholders of the Company, which amounts to a complete betrayal of their duty of loyalty to their client, Continental Towers.

### Gaitán had no authority or corporate capacity to retain Schachter.

36.     On October 19, 2021, Plaintiffs learned that Gaitán was not in fact the CEO of the Company when he retained GSG and Schachter to represent Continental Towers.

37.     Instead, Gaitán had been removed by the Board of Directors as the Company's CEO and was appointed the COO on May 16, 2016. *See* Ex. A. Gaitán was aware that he had been removed as the CEO nearly five years earlier but held himself out as the CEO nonetheless and allowed the parties to execute a Framework Agreement on the false premise that he was the duly appointed CEO.

38.     Pursuant to the Shareholders Agreement, since Gaitán actually served as the Company's COO since May 16, 2016, Gaitán was not a member of the Executive Team. As such, he did not possess the requisite authority to engage counsel for the Company at the time GSG and Schachter were retained. Indeed, Gaitán did not have the authority to sign any binding documents on the Company's behalf because he was not a member of the Executive Team.

39.     Moreover, contrary to the representations of Gaitán that he was executing the Engagement Agreement "on behalf of the Executive Team…," Gaitán never discussed or obtained the approval of the Company's CFO, who was in fact the sole member of the Executive Team. Quisquinay did not even receive a copy of the Engagement Agreement with GSG and Mr. Schachter until months after it was executed.

40.     On November 22, 2021, once Terra realized Gaitán was not a member of the Executive Team, Terra sent a formal letter to Schachter and GSG informing them that both the Framework and Engagement Agreements are void, or, alternatively, that Plaintiffs Terra formally withdrew from the Framework Agreement.

41.     In its letter, Terra and Plaintiffs extensively detailed the mistake between the Parties with respect to Gaitán's position with the Company and how GSG was never formally retained by the Company by an officer with the requisite corporate capacity to bind the Company.

42.     In this same correspondence, Terra and Plaintiffs also requested that GSG immediately withdraw as counsel.

**Gaitán's acts of administrative malfeasance create a conflict of interest for Schachter and GSG.**

43.     In addition to executing the Engagement Agreement without the requisite authority, Mr. Gaitán has also engaged in repeated acts of malfeasance that harmed the Company. Gaitán's malfeasance is sufficient to create a conflict of interest for Schachter and GSG, where continued

representation of the Company is no longer consistent with Florida's Rules of Professional Conduct.

44.     For example, it was recently discovered that Mr. Gaitán signed a Letter of Intent on the Company's behalf with a company in Panamá, O.F.G. Panama S.A. ("O.F.G."), wherein he fraudulently misrepresented himself as the attorney-in-fact of the Company's Panamanian subsidiary. In this letter, Gaitán commits the Company to construct fourteen telecommunication tower sites for a price exceeding $1.7 million dollars.

45.     Gaitán executed this Letter of Intent without knowledge or approval from the Board of Directors, without knowledge or approval from Terra, and without the knowledge of the Company's local management, Continental Towers Panamá, S. de R.L.

46.     Gaitán's act of misrepresenting himself to O.F.G. as the attorney-in-fact for Continental Towers Panamá, S. de R.L constitutes both fraudulent and criminal activity under Panamanian law.

47.     In addition, it has also come to light that, contrary to the Company's policy, no supplemental agreements were executed in support of this transaction with O.F.G. Despite the absence of all the requisite formalities, at Gaitán's direction, O.F.G was still permitted to proceed with the construction of sites specified in the Letter of Intent, and, to date, O.F.G. has issued $268,821.35 in invoices to the Company.

48.     Recently, on November 18, 2021, the CEO for the Company's Panamanian subsidiary was informed by O.F.G.'s representatives that they consider the Letter of Intent to be a binding agreement for the full $1.7 million sum and that they intend to pursue legal action against Continental Towers Panamá S. de R.L. if the terms of the Letter of Intent are not honored.

49.     Based on the foregoing, Plaintiffs Terra have filed a letter request with the Tribunal

in the Underlying Arbitration for leave to file a formal motion seeking to remove Gaitán from any position with the Company.

### Schachter and GSG have represented the personal interests of Gaitán at the expense of the Company's best interests.

50.     The Company is presently being harmed by the acts of GSG and Schachter. Specifically, GSG and Schachter are presently representing Gaitán's personal interests at the expense of Continental Towers' interests and acting contrary to the duty of loyalty owed to the Company.

51.     GSG and Schachter have engaged in the following acts that run contrary to the Company's interests:

a.  Communicating unilaterally with counsel for Peppertree to discuss matters relating to the Underlying Arbitration;

b.  Providing no explanation as to why Plaintiffs' counsel was not contacted prior to initiating *ex parte* communications with counsel for Peppertree;

c.  Continuing to represent Gaitán and adhering to his instructions even after learning that Gaitán is not the Company's CEO and that he, therefore, has no authority to supervise and control the Company's affairs;

d.  As developed above, breaching their duties of confidentiality to the Company by publicly disclosing the privileged statements made to Schachter by Juan Francisco Quisquinay, the Chief Financial Officer of the Company;

e.  Advocating on Gaitán's behalf to the detriment of the Company by urging Claimants and the Tribunal to protect Gaitán and his cherry-picked list of individuals;

f.  Counseling Gaitán in connection with Plaintiffs' ongoing internal corporate investigations concerning Gaitán's misconduct at the Company, which include, among other things, fraudulently misrepresenting himself as the Company's attorney-in-fact without the Company's knowledge; and

g.  Insisting that GSG may legitimately continue its representation of Continental Towers despite learning that Gaitán was not the CEO at the time that the Engagement and Framework Agreements were executed and despite the fact that the purported corporate officer providing the ***sole*** instructions to Schachter and

11

GSG on behalf of the Company is himself accused of wrongdoing against the Company, which include misrepresenting his capacity and authority within the Company.

52.     In light of the foregoing, Plaintiffs notified Schachter and GSG of their withdrawal from the Framework Agreement pursuant to its own terms, and Plaintiffs demanded that Schachter and GSG withdraw as counsel of record for Continental Towers in the Underlying Arbitration. Defendants Schachter and GSG have refused Plaintiffs' requests.

53.     As a result of Schachter and GSG's improper ongoing representation, Continental Towers has incurred hundreds of thousands of dollars in attorneys' fees for legal counsel that is essentially representing a malfeasant official (Gaitán) against the Company's best interests.

54.     Mr. Schachter's reckless disclosure of this privileged communication and subsequent refusal to retract this disclosure has adversely impacted the Company because multiple third parties are now in possession of sensitive communications wherein the Company's Executive Team was seeking legal advice from its attorney.

<u>Plaintiffs have been forced to assert this action derivatively<br>on behalf of Continental Towers.</u>

55.     All conditions precedent to instituting this action have occurred or have otherwise been waived or excused.

56.     Plaintiffs bring this action derivatively on behalf of, and for the benefit of, the Company and its shareholders to resolve and redress the injuries suffered by the Company due to Schachter and GSG's improper ongoing representation of the Company without proper authority and in violation of their fiduciary duties as legal counsel to the Company.

57.     Terra will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting their rights.

58.     The Company's four-person board of directors, at the time of filing this action,

consisted of Jorge Hernandez, Alejandro Sagastume, who were directors appointed by Terra, and F. Howard Mandel and John Ranieri, who were directors appointed by Peppertree.

59.     Terra has not made formal demand upon the board of directors to institute this action because such a demand would be futile. Both Mr. Ranieri and Mr. Mandel, the board directors who were appointed by Peppertree, are interested in having Schachter and GSG represent the Company in the Underlying Arbitration, to which they are also a party to.

**COUNT I – Legal Malpractice**
**(Derivatively Against Defendants)**

60.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.     Albeit illegitimately, GSG and Schachter were employed as counsel to represent Continental Towers' interests as a nominal party in the Underlying Arbitration proceedings.

62.     As such, GSG and Schachter were required to pursue the Company's best interests while the non-nominal parties in the Underlying Arbitration proceedings litigated their respective positions.

63.      Additionally, GSG and Schachter had a basic duty not to disclose sensitive and confidential information belonging to their client, Continental Towers, pursuant to Rule 4-1.6 of the Rules Regulating the Florida Bar.

64.     Furthermore, GSG and Mr. Schachter had a basic duty to faithfully render legal services to Continental Towers with undivided loyalty in connection with the Underlying Arbitration proceedings under Rule 4-1.7 of the Rules Regulating the Florida Bar.

65.     GSG and Schachter neglected these basic duties by, among other things, representing a malfeasant official (Mr. Gaitán) against the Company's best interests. At the very least, GSG and Mr. Schachter's advocacy on Gaitán's behalf has created an irreparable appearance

of bias that disqualifies them from serving as the Company's neutral corporate counsel.

66.     Indeed, under governing Florida law, an attorney may not both represent a corporation and an individual corporate official who has interests that conflict with or are adverse to the corporation's interests.

67.     GSG and Schachter have also neglected these basic duties by recklessly divulging and refusing to retract the privileged August 30, 2021, e-mail sent to Mr. Schachter, resulting in detriment to the Company's best interests.

68.     Even if the August 30, 2021, e-mail sent to Mr. Schachter was not privileged, Mr. Schachter's reckless disclosure of this communication could not have been made in furtherance of the Company's best interests.

69.     As a result of the foregoing, the Company has incurred more than $250,000 in attorneys' fees to compensate legal counsel with conflicting interests, its privileged information has been disseminated to third parties, and the Company's damages will continue to compound if GSG and Mr. Schachter are not promptly removed as counsel of record for the Company.

70.     Accordingly, GSG and Schachter's negligent conduct constitutes a violation of their duty of care and confidentiality towards their client, Continental Towers, and they should be immediately disqualified from serving as counsel for the Company under the Florida Rules of Professional Conduct.

71.     The Arbitral Panel in the Underlying Arbitration lacks jurisdiction to regulate the professional conduct of Florida Bar members.

### COUNT II – Breach of Fiduciary Duty
### (Derivatively Against GSG and Schachter)

72.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 59 of this Complaint as if fully set forth herein.

14

73.     By virtue of their retention as legal counsel for the Company, a fiduciary duty existed as a matter of law between GSG and Mr. Schachter, and Continental Towers.

74.     Mr. Schachter and GSG knowingly breached their fiduciary duty by engaging in the following acts:

a.  Continuing to represent Mr. Gaitán and adhering to his instructions even after learning that Mr. Gaitán is not the Company's CEO and that he, therefore, has no authority to supervise and control the Company's affairs;

b.  Publishing to all the parties in the Underlying Arbitration proceedings, at the direction of Mr. Gaitán, privileged information belonging to Continental Towers that was relayed from the Company's CFO, Juan Francisco Quisquinay;

c.  Advocating on Mr. Gaitán's behalf in an attempt to prevent Plaintiffs from removing him as an administrative official from a DT Holdings' subsidiary;

d.  Counseling Mr. Gaitán in connection with Plaintiffs' ongoing internal corporate investigations of Mr. Gaitán's administrative misconduct at the Company, including, among other things, fraudulently misrepresenting himself as the Company's attorney-in-fact without the Company's knowledge; and

e.  Insisting that GSG may legitimately continue its representation of Continental Towers despite learning that Mr. Gaitán was not the CEO at the time that the Engagement and Framework Agreements were executed.

75.     Due to the breaches of fiduciary duty detailed above, Plaintiffs have suffered in excess of $250,000 in damages for attorneys' fees charged by GSG and Mr. Schachter. Despite charging this substantial sum in attorneys' fees, GSG and Mr. Schachter are essentially representing a malfeasant administrative official (Mr. Gaitán) against the Company's best

interests.

76.     GSG and Schachter's breaches of duty to the Company are not merely unscrupulous acts.  The Company is continuing to incur GSG and Schachter's substantial attorneys' fees despite have a clear conflict of interest in also representing Mr. Gaitán's competing interests. Such a conflict of interest goes beyond a mere unscrupulous act and it is currently causing the Company specific, ascertainable damages.

77.     But for GSG and Mr. Schachter's misconduct and breach of fiduciary duty, Continental Towers would not have suffered these ascertainable damages.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs, Terra Towers Corp. and TBS Management, S.A., derivatively, on behalf of Continental Towers Latam Holdings Limited, respectfully request that the Court enter judgment in their favor and against Defendants Adam M. Schachter and Gelber Schachter & Greenberg, P.A. as follows:

A.     As to Count I, this Court should enter Judgment in favor of Plaintiffs and Continental Towers for compensatory damages against Defendants GSG and Mr. Schachter in an amount to be determined at trial and for an order that disqualifies Mr. Schachter and GSG from representing the Company in the Underlying Arbitration.

B.     As to Count II, this Court should enter Judgment in favor of Plaintiffs and Continental Towers for compensatory damages against Defendants GSG and Mr. Schachter in an amount to be determined at trial, and to terminate any further payment obligations for attorneys' fees incurred by Continental Towers.

C.     Awarding Terra Towers Corp. and TBS Management, S.A. their costs and disbursements incurred in litigating this action.

D.    Any other necessary or proper relief this Honorable Court deems just and

equitable.

Dated: May 9, 2022                Respectfully submitted,

**CAREY RODRIGUEZ MILIAN, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

*/s/ Juan J. Rodriguez*
Juan J. Rodriguez
Fla. Bar No. 613843
Email: jrodriguez@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
Luke T. Jacobs
Fla. Bar. No. 1024686
Email: ljacobs@careyrodriguez.com

# EXHIBIT A

**CONTINENTAL TOWERS LATAM HOLDINGS LIMITED**
**(the "Company")**

**WRITTEN RESOLUTIONS OF THE DIRECTORS**

The undersigned, being all the directors of the Company, a business company whose registered office is at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands, pursuant to the authority to act without a meeting conferred by the Company's articles of association, hereby consent to the following actions and adopt the resolutions set out below. Capitalized terms not defined herein shall have the meanings given to them in the Shareholders Agreement (as defined below).

**WHEREAS**, the Company is party to that certain Shareholders Agreement (the "**Shareholders Agreement**"), dated as of October 22, 2015, by and among the Company, Terra Towers Corp., LATAM Towers, LLC, AMLQ Holdings (Cay) Ltd., TBS Management, S.A., and Telecom Business Solution, LLC;

**WHEREAS**, pursuant to Section 4.06 of the Shareholders Agreement, the Board may appoint the members of the Management Team;

**WHEREAS**, each director believes that it is in the best interests of the Company to appoint Alberto Arzu as the Chief Executive Officer of the Company and Jorge Gaitán Castro as the Chief Operating Officer of the Company;

**WHEREAS**, each director notes that Alberto Arzu is a director of the Company and should therefore be regarded as interested in his appointment as Chief Executive Officer of the Company; and

**WHEREAS**, each director also notes that, under the Company's articles of association and the BVI Business Companies Act, a director of the Company who is interested in a transaction entered into, or to be entered into, by the Company may vote on a matter relating to the transaction, sign a document on behalf of the Company, or do any other thing in the person's capacity as director that relates to the transaction.

**NOW, THEREFORE, BE IT RESOLVED**, that Alberto Arzu and Jorge Gaitán Castro be, and hereby are, appointed Chief Executive Officer and Chief Operating Officer, respectively, of the Company;

**FURTHER RESOLVED**, that the initial appointment of Juan Francisco Quisquinay as Chief Financial Officer of the Company be, and hereby is, ratified and confirmed;

**FURTHER RESOLVED**, that all actions heretofore taken on behalf of the Company by Alberto Arzu, in his capacity as Chief Executive Officer, and Jorge Gaitán Castro, in his capacity as Chief Operating Officer, are hereby in all respects approved, adopted, ratified and confirmed;

**FURTHER RESOLVED**, that all actions heretofore taken by the directors and officers of the Company with respect to the foregoing resolutions are hereby in all respects approved, adopted, ratified and confirmed; and

**FURTHER RESOLVED**, that any director or officer of the Company, acting singly, be and is hereby authorized to execute (under the common seal of the Company if appropriate) and deliver on behalf of the Company from time to time any and all documents whatsoever, and do any and all things whatsoever (including filing any documents necessary or appropriate with the relevant authorities), as such director or officer in his or her sole discretion determines appropriate in connection with any of the foregoing resolutions and/or the matters contemplated thereby, such determination to be conclusively evidenced by any such execution or the taking of any such action by such person or persons and, further, that the execution and delivery of any and all documents whatsoever, and the taking of any and all actions whatsoever, by any director or officer of the Company on behalf of the Company in connection with the subject matter of these resolutions prior to the date hereof be and are hereby approved, ratified and confirmed.

*[Signature page follows]*

**R-51_001**

**Signatures**

............................................................
**Jorge Hernandez Ortiz**

Date: May 16, 2016

............................................................
**F. Howard Mandel**

Date: ............................................................

............................................................
**Alberto Arzu**

Date: May 16, 2016

............................................................
**Ryan D. Lepene**

Date: ............................................................

**R-51_002**

**Signatures**

......................................................
**Jorge Hernandez Ortiz**

Date: .......... May 16, 2016 .....................

......................................................
**Alberto Arzu**

Date: ......................................................


......................................................
**F. Howard Mandel**

Date: ......................................................

......................................................
**Ryan D. Lepene**

Date: ......................................................


Text

**Signatures**

.................................................................                 ..................................................................

**Jorge Hernandez Ortiz**                                    **Alberto Arzu**

Date: ...........................................................              Date: .........................................................

.................................................................                 ..................................................................

**F. Howard Mandel**                                          **Ryan D. Lepene**

Date: ...........May 16, 2016.......................          Date: ...........May 16, 2016.......................

R-51_004

# EXHIBIT B

# Gelber Schachter & Greenberg

Adam M. Schachter
Direct: (305) 728-0952
E-mail: aschachter@gsgpa.com

SunTrust International Center
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950

March 19, 2021

*Via E-mail*

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com

Allan A. Joseph
ajoseph@fidjlaw.com

RE:     *Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.*,
        AAA Case No. 01-21-0000-4309

Dear Counsel:

After careful consideration, I have come up with the following general framework under which my firm will serve as independent counsel for Continental Towers Latam Holdings Limited. Needless to say, this framework is not expected to address every possible scenario and circumstance that may arise during the course of this case, but I do believe it sets forth a fair process for allowing my firm to represent the company's interests as a nominal party, while also allowing the actual parties the necessary space to present their arguments to the tribunal. Also, as a practical matter, if (and perhaps when) a situation arises that is not contemplated by this framework, you all have my firm commitment to address any such issue in a manner that is in the company's best interest.

First, in agreeing that my firm will serve in this role, all parties and their counsel would be expressly reserving everything and waiving nothing, both with respect to the company's future role and legal representation in the arbitration, as well as with respect to all claims, counterclaims, arguments, defenses, etc. in the arbitration. The parties' full reservation of rights would also apply in the event my firm is no longer representing the company, and also if Jorge Gaitán is no longer CEO of the company.

Second, my firm will be reporting to Mr. Gaitán directly and we will be taking our instructions from Mr. Gaitán only. In that regard, Mr. Gaitán will be acting independently and in the best interest of the company. As I indicated in a prior email to all of you, my firm was engaged to represent the company by Mr. Gaitán, personally. That decision was made by him alone, without any outside influence, and through a process designed to ensure that my firm is not beholden to any of the parties in this case, and will only act in the best interest of the company for the benefit

March 19, 2021
Page 2

of all of its stakeholders. I can also confirm that neither I nor my firm have previously represented, and we are currently not representing, any of the parties to this arbitration, or any individual or entity affiliated with any of the parties to this arbitration (setting aside, of course, my current independent representation of the company in this proceeding). Furthermore, in the event Mr. Gaitán is no longer CEO of the company, I may ask the parties to agree on a person or persons who may fill his role, and, if there is no such agreement, I may ask for guidance from the arbitration panel or a court (and, as set forth above, all parties' rights will have been reserved).

Third, with respect to the various claims and counterclaims in the arbitration, the company intends to preserve its status as a nominal and neutral party and will not be aligned with any of the parties in this case—stated differently, on the substantive issues in dispute, the company will likely take no position and will generally defer to the parties to make their arguments.

Fourth, with respect to any requests for documents, testimony, or other information from the company, the company intends to comply with all applicable procedures and rules, and of course will comply with any rulings from the tribunal. Also, to the extent there are any disputes between the parties with respect to any requests to the company for documents, testimony, or other information, the company will again strive to maintain neutrality. Thus, for example, if there are no objections from any parties to a specific request directed to the company, the company will provide the requested information to all parties in a reasonable manner, to the extent it has any such information in its possession, custody, or control. On the other hand, if there are any objections to any specific requests, the company will likely defer to the parties to present their arguments to the tribunal, and the company will then comply with the tribunal's ruling. Mr. Gaitán will also fully cooperate with the parties' requirements for his participation before the tribunal. I can also confirm that my firm has issued a document retention and preservation memorandum to the company, and that memorandum has been disseminated by Mr. Gaitán.

Fifth, I am requesting that all communications and requests to the company concerning the arbitration should be directed to my firm through the parties' respective legal counsel. It is my strong preference that all communications in this case should be through counsel. However, in the unlikely event my firm needs to communicate directly with any shareholders or directors regarding any material developments regarding the company or this case, I will do so only with all parties and their counsel at the same time and on the same communication.

Sixth, and finally, with respect to my firm's invoices, the invoices will be paid by the company in the normal course pursuant to the terms of my firm's engagement agreement with the company. Because my firm's invoices may contain privileged information, I will provide all parties' counsel with redacted invoices showing the amounts billed and paid. My firm's unredacted invoices will be shared with Mr. Gaitán only, and he will not be sharing them with anyone else, including any other representatives of the company.

Once again, I believe the framework set forth above should allow for a full and fair resolution of all issues pertaining to the company and its legal representation in this arbitration. To avoid any confusion on these issues, I ask that all of the parties, through counsel, sign below indicating their understanding and approval of the framework set forth above. Mr. Gaitán will also sign in his capacity as CEO of the company. After we have sign-off from everyone, I will email

March 19, 2021
Page 3

Luis Martinez at the AAA notifying him of the parties' agreement on my firm serving as independent counsel for the company and advising that the arbitration should move forward.

  As always, I am happy to discuss any of these issues with any of you. And I look forward to working collaboratively and cooperatively with all of you.

     Sincerely,

     Adam M. Schachter

cc: Jorge Gaitán

    *SIGNATURE LINES ON THE FOLLOWING PAGE*

March 19, 2021
Page 4

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzú*

March 19, 2021
Page 4

_____
Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

_____
Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

_____
Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

_____
Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

_____
Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzú*

March 19, 2021
Page 4

_____

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,*
*TBS Management, S.A. and DT*
*Holdings Inc.*

_____

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom*
*Business Solution, LLC,*
*Latam Towers, LLC, F.*
*Howard Mandel, John*
*Ranieri, and Ryan Lepene*

_____

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)*
*Ltd.*

_____

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

_____

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and*
*Alberto Arzú*

March 19, 2021
Page 4

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzu*

March 19, 2021
Page 4

---

Juan J. Rodriguez
jrodriguez@careyrodriguez.com
Jennifer M. Hernandez
jhernandez@careyrodriguez.com
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474

-and-

David M. Levine
dlevine@sfl-law.com
Paola Sanchez Torres
psanchez@sfl-law.com
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue
Suite 750
Miami, FL 33131
Telephone: (305) 925-9947

*Counsel for Terra Towers Corp.,
TBS Management, S.A. and DT
Holdings Inc.*

---

Allan A. Joseph
ajoseph@fidjlaw.com
FUERST ITTLEMAN DAVID
& JOSEPH
One Southeast Third Avenue
Suite 1800
Miami, Florida 33131
Telephone: 305-350-5690

*Counsel for Jorge Hernandez and
Alberto Arzú, DT HOLDINGS*

---

Michael N. Ungar
mungar@ulmer.com
Gregory C. Djordjevic
gdjordjevic@ulmer.com
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001

-and-

David A. Landman
dlandman@ulmer.com
Katherine M. Poldneff
kpoldneff@ulmer.com
ULMER & BERNE LLP
420 Lexington Avenue
Suite 2733
New York, NY 10170
Telephone: (917) 262-0470
Fax: (917) 262-0480

*Counsel for Telecom
Business Solution, LLC,
Latam Towers, LLC, F.
Howard Mandel, John
Ranieri, and Ryan Lepene*

---

Gregg L. Weiner
gregg.weiner@ropesgray.com
Christian Reigstad
christian.reigstad@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9726
Fax: (646) 728-2906

*Counsel for AMLQ Holdings (Cay)
Ltd.*

---

Jorge Gaitán Castro
jGaitán@dt-sa.com
Chief Executive Officer
CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED
Commerce House, Wickhams Cay 1
P.O. Box 3140
Road Town, Tortola
British Virgin Islands, VG1110

---