UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

TERRA TOWERS CORP. and TBS
MANAGEMENT, S.A.,

    Plaintiffs,

vs.

ADAM MICHAEL SCHACHTER,
GELBER SCHACHTER & GREENBERG,
P.A., CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED, TELECOM
BUSINESS SOLUTION, LLC, LATAM
TOWERS, LLC, AMLQ HOLDINGS
(CAY) LTD., and DT HOLDINGS, INC,

    Defendants.
                                      /

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs Terra Towers Corp. and TBS Management, S.A, (collectively "Plaintiffs" or "Terra"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1447(c), file the instant Motion to Remand these proceedings back to the Eleventh Judicial Circuit in and for Miami-Dade County on the ground that this Court lacks subject matter jurisdiction over this cause. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

Defendants removed this action based on federal question jurisdiction, asserting that the claims for relief currently set forth in the operative complaint [ECF No. 1-4] provide them a basis for removing this cause to federal district court. *See* [ECF No. 1 ¶¶23-35]. More specifically, Defendants contend that the rescission and injunctive relief claims set forth in the operative

complaint trigger the arbitration provisions in the Shareholders Agreement, which are subject to the removal procedure stipulated within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *see* 9 U.S.C. § 205. *See* [ECF No. 1 ¶¶23-35].

However, the removal procedure set forth in 9 U.S.C. § 205 does not entitle Defendants to removal under the current iteration of the complaint because the claims for rescission and injunctive relief do not fall within the subject matter contemplated in the arbitration provisions of the Shareholders Agreement. This is so because Defendants Adam Michael Schachter ("Mr. Schachter") and Gelber Schachter & Greenberg ("GSG") are not signatories to the Shareholders Agreement they invoke in support of removal and because there is no nexus between the operative complaint's state law rescission claim and the various categories of disputes that must be submitted to arbitration under the Shareholders Agreement. In other words, Defendants' basis for removal is tenuous at best because the current claim for rescission of the Framework Agreement, which only specifies the terms under which Mr. Schachter and GSG will represent a nominal party in the underlying arbitration, is not a controversy that arises under the Shareholders Agreement.

Moreover, even if Defendants could remove this action based on the claims presently set forth in the state court complaint [ECF No. 1-4], Plaintiffs have filed a Motion Seeking Leave to Amend [ECF No. 35] with a proposed First Amended Complaint [ECF No. 35-1] that contains new causes of action which clearly do not belong before this Court. Indeed, under controlling Eleventh Circuit case law, timely motions for leave to amend, such as Plaintiffs', are held to a very liberal standard and are typically granted. *See generally* [ECF No. 35]. Assuming this Court grants Plaintiffs' Motion for Leave to Amend [ECF No. 35], the First Amended Complaint would replace the causes of action that Defendants rely on in support of removal with two state common law causes of action: (1) Legal Malpractice, and (2) Breach of Fiduciary duty against Defendants Mr.

Schachter and GSG. As the authority cited below elucidates, it is well-settled that state law claims for legal malpractice and breach of fiduciary duty are best left to resolution by a state court. Just as importantly, the First Amended Complaint would also eliminate every Defendant in this action except GSG and Mr. Schachter. The Court, therefore, should exercise its discretion to remand this action back to the Eleventh Judicial Circuit in and for Miami-Dade County because removal is improper under the current state court complaint [ECF No. 1-4] and Plaintiffs' proposed First Amended Complaint [ECF No. 35-1].

## FACTUAL & PROCEDURAL BACKGROUND

On February 2, 2021, Telecom Business Solution, LLC, and LATAM Towers, LLC, ("Peppertree") filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association, bearing case number 01-21-0000-4309 (the "Arbitration"). Peppertree brought claims against Terra, DT Holdings, Inc. ("DTH"), directors appointed by Terra to Defendant Continental Towers LATAM Holdings Limited ("Continental Towers" or the "Company") and it named the Company and Defendant AMLQ Holdings (Cay) Ltd. ("AMLQ"), as "nominal" and "notice" parties. Peppertree based its claims upon allegations that Terra, DTH and various directors appointed by Terra had committed various breaches of the Shareholders Agreement. This Shareholders Agreement contains a dispute resolution clause requiring the signatories to submit disputes arising therefrom to arbitration. On March 9, 2021, following the submission of responsive pleadings and counterclaims in the underlying arbitration proceedings, Mr. Jorge Gaitan, who purported to act as the Company's CEO, retained defendants Mr. Schachter and GSG in the underlying arbitration for the purpose of representing the Company as a neutral nominal party. Mr. Gaitan signed an engagement letter with Mr. Schachter and GSG to

memorialize their representation of the Company. Crucially, neither Mr. Schachter nor GSG are signatories to the Shareholders Agreement that is invoked by Defendants in support of removal.

Thereafter, on March 19, 2021, Mr. Schachter and GSG distributed a letter agreement ("Framework Agreement") to all parties to the Arbitration—that is, all Plaintiffs and Defendants here—in which he described the "general framework under which [GSG] will serve as independent counsel for Continental Towers LATAM Holdings Limited" as a nominal party in the arbitration. The Framework Agreement specified that Mr. Gaitan was the CEO of the Company and that Mr. Gaitan had retained Mr. Schachter and GSG in that capacity. It further stated that Mr. Schachter and GSG were "engaged to represent the company by Mr. Gaitan, personally," and that they would "be taking [their] instructions from Mr. Gaitan only." Terra and Defendants executed the Framework Agreement, thereby authorizing Mr. Schachter and GSG to represent the Company on these terms based on an express understanding that Mr. Gaitan was the CEO of the Company. It was subsequently discovered, however, that Mr. Gaitan was not the Company's CEO at the time of the Framework and Engagement Agreement's execution, and, therefore, he lacked the requisite corporate authority to retain counsel on the Company's behalf.

On or about August 28, 2021, Mr. Schachter and GSG received letters from the Company's country managers and a letter containing privileged attachments from the Company's CFO, Juan Francisco Quisquinay. The letters and their attachments expressly stated they were being transmitted by Mr. Quisquinay as "CFO of Continental" and addressed to Mr. Schachter as "outside counsel for that company" for purposes of providing information to Mr. Schachter which the CFO believed was relevant to the Company's legal representation. Despite the privileged nature of these communications, Mr. Schachter and GSG disseminated the communications from the Company's Management and CFO to all the parties in the underlying arbitration, including

4

counsel that does not represent the Company. Counsel for Plaintiffs immediately demanded that Mr. Schachter and GSG retract or destroy the privileged communication that they disseminated to all parties in the proceeding, but Mr. Schachter and GSG refused. Mr. Schachter and GSG also submitted letters to the arbitration tribunal reaffirming their view that they could properly represent the Company despite their retention by Mr. Gaitan, who, as mentioned above, did not possess the requisite corporate authority to retain counsel for the Company.

Thereafter, Plaintiffs initiated this action in the Eleventh Judicial Circuit in and for Miami-Dade County on March 7, 2022, and Defendants received service of process on March 18, 2022. In brief, Plaintiffs' two-count state court Complaint currently asserts a claim for rescission (Count I) and a claim for injunctive relief (Count II) against Defendants Mr. Schachter, GSG, the Company, the Peppertree Defendants, AMLQ, and DTH. *See* [ECF No. 1-4]. The claims for rescission and injunctive relief are based on allegations that Plaintiffs were induced to enter the Framework Agreement due to the material mistake of fact that Mr. Gaitan was the Company's CEO when he was really the Company's COO, an officer who lacks the requisite authority to retain counsel for the Company under the Shareholders Agreement. *See* [ECF No. 1-4]. This state court complaint, however, contains no allegations or claims concerning GSG and Mr. Schachter's professional misconduct.

On April 18, 2022, Defendants filed their notice of removal, asserting federal question jurisdiction as the basis for this Court's subject matter jurisdiction under 9 U.S.C. § 205. [ECF No. 1 ¶¶23-35]. Recently, on May 12, 2022, Plaintiffs submitted their Motion for Leave to file a First Amended Complaint. [ECF No. 35]. The proposed First Amended Complaint ("FAC") attached to the Motion for Leave alleges two new causes of action, Legal Malpractice and Breach of Fiduciary Duty, based on allegations that detail Mr. Schachter and GSG's professional

5

misconduct during their ongoing representation of the Company. In addition, the FAC removes the current causes of action for rescission and injunctive relief, which Defendants rely upon in support of removal, and it removes four Defendants—Telecom Business Solution, LLC, LATAM Towers, LLC, AMLQ Holdings (CAY) Ltd., and DT Holdings, Inc.—and names the Company as a nominal defendant.

## **LEGAL STANDARD AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the federal removal statute, *see* 28 U.S.C. § 1441, a defendant may remove an action to federal court if it has original jurisdiction over a civil case filed in state court. "A district court's original jurisdiction is limited to one of three types: '(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Rodriguez v. Evanston Ins. Co.*, No. 1:21-CV-21774, 2021 WL 6106435, at *2 (S.D. Fla. Dec. 23, 2021) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Subject matter jurisdiction on the basis of federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party is responsible for proving the existence of federal subject matter jurisdiction and must demonstrate that removal to federal court is proper. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). 28 U.S.C. § 1447(c) implicitly allows a district court to order remand "'when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction.'" *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir.1999)).

Furthermore, "[w]hen considering a motion for remand, the district court must 'strictly construe[ ] the right to remove' and apply a general 'presumption against the exercise of federal

jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Rodriguez*, No. 1:21-CV-21774, 2021 WL 6106435, at *2 (quoting *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Indeed, "[w]hen there is any substantial doubt concerning the jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear." *Woods v. Firestone*, 560 F. Supp. 588, 590 (S.D. Fla. 1983).

Although the time of removal is generally the crucial jurisdictional juncture for determining whether a case was properly removed, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938), a district court has discretion to order remand where considerations of "economy convenience, fairness and comity" weigh against a court's retention of jurisdiction due to events occurring subsequent to removal. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988); *Rivera v. Rodomar, Inc.*, No. 18-22450-CIV, 2019 WL 2125017, at *2 (S.D. Fla. Jan. 23, 2019); *Lake Cnty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001).

**DISCUSSION**

Applying the foregoing principles here, the Court should exercise its discretion to remand this action to state court. According to Defendants, removal of the instant proceedings is proper under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *see* 9 U.S.C. § 205, because the Arbitration Agreement within the Shareholders Agreement, which they claim is triggered by the causes of action in the operative Complaint [ECF No. 1-4], falls under the Convention [ECF No. 1 ¶¶ 23-35]. As Defendants see it, the Framework Agreement, which only specifies the terms under which GSG and Mr. Schachter will represent the Company, is directly related to and arises from the Shareholders Agreement, which provides that the parties to the Shareholders Agreement must arbitrate "any controversy, claim or dispute arising out of or

relating to or in connection with [the Shareholders] Agreement." *See* [ECF No. 1 ¶34]. As such, in Defendants' view, Plaintiffs' current rescission and injunctive relief claims are subject to arbitration under the Shareholders Agreement, which, in turn, entitles Defendants to remove this action under Section 205 of the New York Convention because the Arbitration Agreement in the Shareholders Agreement falls within the Convention. [ECF No. 1 ¶¶ 26-27].

Plaintiffs refute Defendants' argument that the rescission and injunctive relief claims in the operative state court complaint provide Defendants with a proper basis for removal under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *see* 9 U.S.C. § 205. Indeed, it is Plaintiffs' view that remand is appropriate even with the state court complaint in its current form because, among other reasons, the Framework Agreement contains no arbitration provision (or any other provision that could serve as a basis for removal) and GSG and Mr. Schachter are not signatories to the Shareholders Agreement. *See Frankel v. St.*, No. 07-60948-CIV, 2007 WL 9700558, at *2 (S.D. Fla. Dec. 19, 2007) ("An agreement to arbitrate is contractual and therefore ordinarily third parties do not have standing to invoke the terms of an arbitration agreement."); *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration.") (citations and quotations omitted).

Defendants GSG and Mr. Schachter's sole nexus to the underlying arbitration is that they represent a nominal party in those proceedings, the Company, which is actually a signatory to the subject Shareholders Agreement; GSG and Mr. Schachter are not, however, signatories themselves to the subject Shareholders Agreement. Moreover, GSG and Mr. Schachter's engagement

agreement with the Company does not contain an arbitration provision and neither does the Framework Agreement. In addition, neither the Framework Agreement nor the engagement agreement incorporate by reference any provision of the Shareholders Agreement. Accordingly, Defendants are not entitled to removal under the current state court complaint [ECF No. 1-4].

Although there are additional reasons justifying remand of this cause under the current version of the complaint, Plaintiffs need not list the full universe of reasons why removal is inappropriate under the current iteration of the complaint. The Court should exercise its discretion to remand this action because Plaintiffs' proposed FAC [ECF No. 35-1] excludes the claims that Defendants rely on as the jurisdictional anchor for this Court's subject matter jurisdiction and because considerations of economy, convenience, fairness, and comity weigh against the Court's retention of jurisdiction over this matter. Assuming the Court grants Plaintiffs' motion seeking leave [ECF No. 35], the proposed FAC removes the claims for rescission and injunctive relief that are currently present in the operative complaint. These causes of action are replaced with derivative claims on behalf of Continental Towers for Legal Malpractice and Breach of Fiduciary Duty against Defendants GSG and Mr. Schachter only. Thus, Plaintiffs proposed amended complaint would also remove Defendants DT Holdings, the Peppertree Defendants, and AMLQ from this matter.

The proposed First Amended Complaint would therefore remove the causes of action that Defendants rely on for their argument that removal of the instant proceedings is proper under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *see* 9 U.S.C. § 205, and only pure state law claims (Legal Malpractice and Breach of Fiduciary Duty) would remain before the Court. Following this amendment, Defendants will no longer have any support for their claim that this Court possesses subject matter jurisdiction on the basis of federal question

9

jurisdiction. It therefore makes little sense for this Court to retain jurisdiction over a case that is in its nascent stage and that involves only state law claims best left to resolution by a state court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) ("The district court erred in denying Diaz's motion to remand. The nature of Diaz's complaint is that Sheppard is guilty of malpractice, negligence and breach of contract under Florida law…. No substantial question of federal law must be answered to determine plaintiff's claims, and federal jurisdiction is lacking.") (citation omitted); *Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007) ("Any state-law claims, including legal malpractice, arise out of Gould's representation of the Kinseys in negotiating a settlement agreement and his refusal to continue that representation after the Kinseys rejected that agreement. The district court lacks federal question jurisdiction over any such claims.") (citation omitted); *Williams v. Jones*, No. 8:11-CV-2865-T-33TBM, 2012 WL 1192100, at *2 (M.D. Fla. Apr. 10, 2012) ("Each of the causes of action alleged in the complaint—breach of fiduciary duty, negligence, fraud, infliction of emotional distress, and bullying—is a state law claim that does not raise a question of federal law.").

Moreover, assuming Plaintiffs are granted leave to amend and the rescission and injunctive relief claims are no longer being pursued in this action, remand is appropriate for the additional reason that economy and convenience weigh strongly in favor of the Court exercising its discretion to remand this action back to the Eleventh Judicial Circuit. *See Rivera*, No. 18-22450-CIV, 2019 WL 2125017, at *3 ("[E]conomy and convenience weigh in favor of remand because this case is in its very early stages, a fact the [Supreme Court in] *Carnegie–Mellon* [] deemed significant.") (citation omitted); *Carnegie-Mellon Univ.*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); *Raney v. Allstate Ins. Co.*, 370 F.3d

1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial."); *Sneed v. Inch*, No. 4:20-CV-534-AW/MJF, 2021 WL 7829690, at *5 (N.D. Fla. Dec. 10, 2021), report and recommendation adopted sub nom. *Sneed v. Dixon*, No. 4:20-CV-534-AW-MJF, 2021 WL 7829689 (N.D. Fla. Dec. 30, 2021) ("[N]either judicial economy nor fairness to other litigants support retaining jurisdiction of Plaintiff's state-law claims and delaying justice in other cases. Furthermore, a state court would be better equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.").

In addition to the above, the Court has not yet entered a case management order setting forth key pre-trial deadlines, such as the deadline to move to amend pleadings. Moreover, at this juncture of the proceedings, the majority of Defendants have not filed a responsive pleading, discovery has not commenced and the Court has not expended a significant amount of judicial labor on this case. Finally, no unfairness will result to Defendants if this case is remanded due to the early posture of this case. The Court has not entered any adverse rulings on dispositive motions against Plaintiffs, and the Parties have not yet fully briefed any of their pending motions. As such, there is no indication that Plaintiffs are seeking remand in an attempt to engage in forum shopping.

**CONCLUSION**

WHEREFORE, based on the foregoing reasons, Plaintiffs move this Court to enter an Order remanding this action back to the Eleventh Judicial Circuit in and for Miami-Dade County.

Date: May 18, 2022.                             Respectfully submitted,

                                                                     CAREY RODRIGUEZ MILIAN, LLP
                                                                     1395 Brickell Avenue, Suite 700
                                                                     Miami, Florida 33131
                                                                     Telephone: (305) 372-7474
                                                                     Facsimile: (305) 372-7475

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

By: */s/ Juan J. Rodriguez*
Juan J. Rodriguez (FBN 613843)
Email: jrodriguez@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
Luke T. Jacobs (FBN 1024787)
Email: ljacobs@careyrodriguez.com
Secondary: ecf@careyrodriguez.com
*Attorneys for Plaintiffs*

CASE NO: 1:22-cv-21204-SCOLA/GOODMAN

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Juan J. Rodriguez*
Juan J. Rodriguez