## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-21204-SCOLA/GOODMAN

----------------------------------------------------------------- X

**TERRA TOWERS CORP.**, *et al.*,

        *Plaintiffs*,

    v.

**ADAM MICHAEL SCHACHTER**, *et al.*,

        *Defendants*.

----------------------------------------------------------------- X

### SPECIALLY APPEARING DEFENDANTS TELECOM BUSINESS SOLUTION, LLC'S, LATAM TOWERS, LLC'S, AND AMLQ HOLDINGS (CAY), LTD.'S, AND DEFENDANTS ADAM M. SCHACHTER'S AND GELBER SCHACHTER & GREENBERG, P.A.'S <u>MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>

Specially Appearing Defendants Telecom Business Solution, LLC and LATAM Towers, LLC (collectively, "Peppertree"), and AMLQ Holdings (Cay) Ltd. ("AMLQ"), and Defendants Adam M. Schachter ("Mr. Schachter"), and Gelber Schachter & Greenberg, P.A. ("GSG," together with Peppertree, AMLQ, and Mr. Schachter, "Defendants"), submit their memorandum in opposition to the Motion to Remand (the "Remand Motion") submitted by Plaintiffs Terra Towers Corp. ("Terra Towers") and TBS Management, S.A. ("Terra TBS," and together with Terra Towers, "Plaintiffs" or "Terra") [ECF No. 38].

## PRELIMINARY STATEMENT

As this Court is now aware, Plaintiffs are respondents/counter-claimants in an active and ongoing international arbitration in New York (the "Arbitration") relating to a shareholders' dispute about the management and operations of Continental Towers LATAM Holdings Limited (the "Company").  In an attempt to sidestep this Arbitration, on March 7, 2022, Plaintiffs filed a complaint in Florida state court, challenging the Framework Agreement—whereby the Company's Board and shareholders authorized the retention of GSG and Mr. Schachter as Company counsel in the Arbitration—on the same grounds Plaintiffs already raised ***and lost*** in the Arbitration (the "Action").  *See generally* [ECF No. 17].  Plaintiffs' claims, as set forth in the state court complaint (the "Operative Complaint"), are governed by a valid and binding arbitration provision contained in the Shareholders Agreement among the parties (the "Arbitration Agreement").  On April 18, 2022, Defendants Peppertree, AMLQ, Mr. Schachter, and GSG removed the Action on the basis of federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 205, asserting that the Arbitration Agreement falls under the Convention and squarely covers this Action.  *See* [ECF No. 31] (the "Removal Notice").

For the reasons stated in the four dispositive motions pending before this Court, *see* [ECF Nos. 6, 12, 13, 17], Plaintiffs' lawsuit is doomed to fail because it never should have been brought in the first place, much less in Florida state court.  Desperate to avoid, or at least delay, the inevitable, Plaintiffs have doubled-down on their forum-shopping efforts.  They now ask the Court to remand the Action to state court based almost entirely on a proposed first amended complaint ([ECF No. 35-1], the "Proposed FAC") that they have not been—and should not be—granted leave to file, as the granting of leave would merely perpetuate this wasteful sideshow.  But the Court need not be influenced by Plaintiffs' latest maneuver: the Operative Complaint (which is the ***only***

complaint that actually matters for removal purposes) was properly removed under the New York Convention's exceedingly broad removability statute. The Proposed FAC is irrelevant for purposes of the Remand Motion and, in any event, still provides this Court with subject matter jurisdiction over the Action. For these reasons, and as fully set forth below, Plaintiffs' Remand Motion must be denied.[1]

## ARGUMENT

## I.   REMOVAL IS PROPER UNDER THE NEW YORK CONVENTION

### A.   The New York Convention Provides an Exceptionally Broad Removal Right

Plaintiffs' Remand Motion fundamentally misapprehends the scope and application of removal jurisdiction under the New York Convention. The Convention provides an "exceptionally broad removal right" for matters filed in state court that may fall within the ambit of the Convention: "where the subject matter of an action . . . pending in a State court relates to an arbitration agreement . . . falling under the Convention, the defendant . . . may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States." *Key Motors Ltd. v. Hyundai Motor Co.*, No. 16-23657, 2016 WL 7364756, at *3 (S.D. Fla. Oct. 31, 2016) (Scola, J.) (quoting 9 U.S.C. § 205). When Congress granted the federal courts jurisdiction over New York Convention cases, it "added one of the broadest removal provisions, § 205, in the statute books." *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). "So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal cannot apply to Convention cases because in these

---

[1] As set forth in Defendants' Motions to Transfer Venue and Compel Arbitration, the Court should also either transfer this matter to the Southern District of New York or compel arbitration [ECF Nos 14, 17]. Alternatively, the Operative Complaint should be dismissed because the Court does not have personal jurisdiction over Peppertree/AMLQ and because it fails to state a claim upon which relief may be granted [ECF Nos. 6, 12, and 13].

instances, Congress created special removal rights to channel cases into federal court." *Id.* (citation omitted); *see also Key Motors Ltd.*, 2016 WL 7364756, at *3 (noting that "[t]he removal right in § 205 is **substantially broader** than that in the general removal statute") (citation omitted) (emphasis added).

Accordingly, Plaintiffs' reliance on cases that do not involve removal under the New York Convention is misplaced. *See, e.g.*, Remand Mot. at 6-7 (citing *Rodriguez v. Evanston Ins. Co.*, 2021 WL 6106435, at *2 (S.D. Fla. Dec. 23, 2021) (stating that removal under 28 U.S.C. § 1441, **not the New York Convention**, must be "strictly construed"); *Woods v. Firestone*, 560 F. Supp. 588, 590 (S.D. Fla. 1983) (providing that "[w]hen there is any substantial doubt concerning the jurisdiction of the federal court on removal [under Section 1441, **not the New York Convention**], the case should be remanded and jurisdiction should be retained only where it is clear").

### B.      Removal Is Proper Under the New York Convention

Consistent with this broad removal right, the Eleventh Circuit has instructed that, in determining jurisdiction under the New York Convention, "district court[s] need not—and should not—examine whether the arbitration agreement binds the parties before it." *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1324 (11th Cir. 2018), *rev'd on other grounds sub nom. GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637 (2020).  Courts must instead "engage in a two-step inquiry to determine jurisdiction, limiting [their] examination to the pleadings and the removal notice." *Id.* (citing 9 U.S.C. § 205). Specifically, removal is proper under Section 205 where: (i) "the notice of removal describes an arbitration agreement that may 'fall under the Convention'"; and (ii) "there is a non-frivolous basis to conclude that the agreement sufficiently 'relates to' the case before the court such that the agreement to arbitrate could conceivably affect the outcome of the case." *Hodgson v. Seven Seas*

*Cruises*, No. 19-22881, 2020 WL 6120478, at *2 (S.D. Fla. Mar. 27, 2020) (citing *Outokumpu*, 902 F.3d at 1324). The Operative Complaint and Removal Notice readily satisfy both prongs.

### 1.      The Arbitration Agreement Falls under the Convention

Terra does not dispute that an arbitration agreement "falls under" the New York Convention when: (1) there is an agreement in writing; (2) the agreement to arbitrate provides for arbitration in the territory of a signatory to the Convention; (3) the agreement arises out of a commercial, legal relationship; and (4) a party to the agreement is not an American citizen. *Outokumpu*, 902 F.3d at 1324 (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 n. 7 (11th Cir. 2005)). As Defendants have demonstrated in their Removal Notice, *see* [ECF No. 1] ¶¶ 26-30, the Arbitration Agreement (pursuant to which the parties are ***currently*** arbitrating their disputes) easily satisfies all four requirements and, therefore, "falls under" the Convention for jurisdictional purposes:

- ***First***, there is an "agreement in writing" within the meaning of the Convention. *See Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1261-62 (S.D. Fla. 2019) ("an arbitral clause in a contract . . . signed by the parties" satisfies the agreement-in-writing requirement) (citation omitted). Terra, Peppertree, AMLQ, and the Company are parties to the Shareholders Agreement containing the Arbitration Agreement, which broadly applies to "any controversy, claim or dispute arising out of or relating to or in connection with [the Shareholders] Agreement." [ECF No. 31-27] § 8.14. Terra, DT Holdings, Inc. ("DTH"), and the Company are also signatories to the Development Agreement, which expressly incorporates the Arbitration Agreement. *See* [ECF No. 31-28] § 3.14.

- ***Second***, the Arbitration Agreement provides for arbitration in New York, New York. *See* [ECF No. 31-27] § 8.14. The United States is a signatory to the Convention. *See* 9 U.S.C. § 201.

- ***Third***, the Arbitration Agreement arises out of a commercial legal relationship, *i.e.*, an agreement among shareholders to the Company, which was formed with the commercial purpose of "developing, owning, acquiring, and operating telecommunications towers in various locations across Central and South America." [ECF No. 31-4] ¶ 17.

- ***Fourth***, several parties to the Arbitration Agreement are not American citizens: Terra Towers is incorporated in the British Virgin Islands, *id.* ¶ 6; Terra TBS is organized under the laws of Panama, *id.* ¶ 7; DTH is incorporated in the Republic of Panama, *id.* ¶ 14; and AMLQ is incorporated in the Cayman Islands, *id.* ¶ 13.

Notably, Plaintiffs do not dispute any of these facts. They instead contend that the first requirement is not met because "the Framework Agreement contains no arbitration provision" and "GSG and Mr. Schachter are not signatories to the Shareholders Agreement." Remand Mot. at 8. As Defendants made clear in their Removal Notice, [ECF No. 31] ¶ 27, however, neither fact is relevant for removal purposes. *See Hodgson*, 2020 WL 6120478, at \*3-4 (rejecting argument that first factor was not met for removal purposes where arbitration agreements had not been signed by ***all*** Parties to the litigation); *Outokumpu*, 902 F.3d at 1324 (explaining that the agreement-in-writing factor is satisfied if ***an*** arbitration agreement was signed by ***a*** party to the litigation, and that the signature of ***all*** parties to a case is not required for removal purposes).[2]

---

[2] Not surprisingly, neither of the two "non-signatory" cases Terra cites involve removal ***or*** the New York Convention. *See* Remand Mot. at 8 (citing *Frankel v. St*., No. 07-60948, 2007 WL 9700558, at \*2 (S.D. Fla. Dec. 19, 2007) and *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648-49 (1986)).

Plaintiffs' arguments thus "improperly combine the jurisdictional and merits inquiry [of the motion to compel arbitration] into a single stage." *Key Motors Ltd.*, 2016 WL 7364756, at *4 (citation omitted).  Issues concerning the scope and merits of arbitration—*i.e.*, whether arbitration may be compelled by certain defendants— are separate from and have no bearing on the threshold inquiry of jurisdiction under the New York Convention.  *See Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002) (rejecting plaintiff's argument which would "have the court performing merits-like inquiries" on the arbitration issue "during the jurisdictional stage of the proceedings"); *Integrated Aircraft Sys. v. Porvair Filtration Grp., Ltd.*, 2012 WL 13026744, at *3 (N.D. Ohio June 26, 2012) (rejecting plaintiff's attempt "to do an end-run around the jurisdiction question by reaching the merits" of the arbitration motion and holding that "[s]uch frontloading is inappropriate"); *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 2006 WL 6667385, at * 1 (E.D. Pa. May 18, 2006) (denying motion to remand even though plaintiff "argue[d] that there [was] no arbitration agreement between plaintiff and defendants"); *Avado Brands, Inc. v. KPMG LLP*, No.1:05-cv-1342, 2006 WL 8406571, at *3 n.6, *4 (N.D. Ga. Mar. 3, 2006) (rejecting argument that action was not related to arbitration agreement where defendants were not signatories and explaining that the "Court first must determine if removal was proper, and then, if the Court determines it has jurisdiction," it must "determine whether the arbitration agreement can be enforced").

For those reasons, despite Plaintiffs' misplaced arguments to the contrary, the four jurisdictional requirements have been met, and the Arbitration Agreement "falls under" the New York Convention.

## 2.    The Operative Complaint "Relates to" the Arbitration Agreement

As to the second prong, it is well-established that the "relates to" language of Section 205 reaches any action where an arbitration agreement falling under the Convention "could **conceivably** affect the outcome of the action." *Key Motors Ltd.*, 2016 WL 7364756, at *4

(emphasis in original).  Based on the Operative Complaint and Removal Notice, it is not just "conceivable," but in fact likely, that the arbitration clause in the Shareholders Agreement will impact the outcome of this case, thus satisfying the limited jurisdictional inquiry for removal under Section 205.

As Plaintiffs themselves previously acknowledged, "the Complaint . . . is **related to** a matter which arises under the Federal Arbitration Act," which alone resolves the inquiry.  *See* [ECF No. 31-5] ¶ 1 (emphasis added).  And as discussed in the Removal Notice, the Operative Complaint challenges the Framework Agreement in which the Board and shareholders authorized the retention of GSG and Mr. Schachter as counsel for the Company in the Arbitration.  *See* [ECF No. 31] ¶ 33.  Moreover, the Arbitration Tribunal has already expressly, repeatedly, and unanimously **rejected** identical arguments raised by Plaintiffs in the Arbitration.  *Id.* ¶ 34.  Indeed, as recently as May 9, 2022, the Tribunal issued another order contemplating sanctions against Plaintiffs for asserting similar issues before the Tribunal.  *See* [ECF No. 37-1].  The Tribunal noted that all of the shareholders (including Terra) agreed to GSG's representation of the Company until Terra "became dissatisfied" with that representation, and that legal representation of the Company is a "procedural issue" that was addressed by the Tribunal to "enable the arbitration to proceed in an effective fashion."  *Id.* ¶ 6 n.1.  The obvious purpose of this lawsuit is to thwart the ongoing arbitration process—a result this Court should not permit.

The Tribunal has also ruled that "a dispute between the shareholders over who should represent the Company as arbitration counsel in this arbitration"—the central dispute raised by the Complaint—is "squarely within [its] jurisdiction."  [ECF No. 17-1] at 569.  Such a dispute, the Tribunal determined, "arise[s] out of the Shareholders Agreement" and "relates to the trajectory of this arbitration and how the positions of the parties will be presented."  *Id.*  Specifically, the

8

Shareholders Agreement requires Board approval before the Company may enter into any agreement, including an agreement to engage counsel for the Company. Section 4.04(a) explicitly authorizes the Board "to make any and all contracts and decisions, enter into transactions and make and obtain any commitments on behalf of the Company to conduct or further its business." [ECF No. 31-27] § 4.04(a).  Because engaging counsel on behalf of the Company is simply one type of contract the Company can make, engagement of Company counsel is an activity that is reserved for the Board.  Additionally, pursuant to Section 4.04(a)(xviii), the Board must approve "entry by the Company . . . into any agreement . . . not included in the Annual Budget," which would include any agreement to engage counsel for the Company.  *Id.* § 4.04(a)(xviii).  As a result, the engagement of Company counsel falls squarely under the Arbitration Agreement, which broadly applies to "any controversy, claim or dispute arising out of or relating to or in connection with [the Shareholders] Agreement."  *Id.* § 8.14.

Plaintiffs nevertheless make the conclusory assertion that "there is no nexus between the operative complaint's state law rescission claim [based on the Framework Agreement] and the various categories of disputes that must be submitted to arbitration under the Shareholders Agreement."  Remand Mot. at 2.  This argument fails on multiple fronts.  For starters, Plaintiffs fail to even mention the Tribunal's adverse rulings on the identical claims they raised in the Arbitration, or its ruling that this exact issue falls under the Shareholders Agreement and, therefore, within the Tribunal's jurisdiction.  Plaintiffs' abject failure to address these points is telling.

Moreover, as demonstrated above, in contending that the claims in the Operative Complaint are outside the scope of the Arbitration Agreement, Plaintiffs once again seek to impermissibly "combine the jurisdictional and merits inquiry [of the motion to compel arbitration] into a single stage."  *Key Motors Ltd.*, 2016 WL 7364756, at *4.  Courts routinely deny remand

motions on that basis alone.  In *Key Motors Ltd.*, for example, the defendant removed the case under Section 205 based on the arbitration provision in a written distributorship agreement.  2016 WL 7364756, at * 1.  The plaintiff, like Terra here, moved to remand, alleging that a second agreement—which did not contain an arbitration clause—actually governed the parties' dispute, and that as a result, the action did not "relate to" an arbitration provision falling under the Convention.  *Id.*  The *Key Motors* court denied the motion to remand, holding that the written distributorship agreement "could conceivably affect the outcome of" the plaintiff's case and thus removal was proper under Section 205 and noting that it need not decide whether the second agreement "exclusively control[led] the specific dispute between the parties" at this stage.  *Id.* at *4; *see also Silec Cable S.A.S v. Alcoa Fjardaal Sf*, 2012 WL 5906535, at *9 (W.D. Pa. Nov. 26, 2012) (denying motion to remand despite "merits-based" argument that the parties' dispute did not fall within the scope of an agreement containing an arbitration provision, but rather arose under a second contract which did not have an arbitration provision because "such a determination of whether the case is arbitrable or not is beyond the scope of the Court's limited inquiry to decide if subject matter jurisdiction has been established under section 205").  Consistent with those cases, the Action "relates to" the Arbitration Agreement and thus was properly removed under Section 205.[3]

---

[3] Plaintiffs do not dispute that Defendants complied with all removal requirements.  As such, any arguments to the contrary have been waived.  *See Hafnawi v. Rodriguez*, No. 19-20904, 2019 WL 13037213, at *3 (S.D. Fla. Dec. 13, 2019) ("When a party . . . fails to respond to an argument made by the opposing party, the Court deems such . . . argument abandoned.") (citation omitted).

II.     **THE PROPOSED AMENDED COMPLAINT IS IRRELEVANT FOR REMOVAL PURPOSES, BUT IN ANY EVENT, IT PROVIDES FOR SUBJECT MATTER JURISDICTION**

Plaintiffs spend the bulk of their Remand Motion arguing that the Court should remand this Action based on their ***Proposed*** FAC, contending that it would "remove the causes of action Defendants rely on for their argument that removal of the instant proceedings is proper under the [New York Convention] and only pure state law claims (Legal Malpractice and Breach of Fiduciary Duty) would remain before the Court."   Remand Mot. at 9.   This is no doubt in recognition of the fact that their current Operative Complaint puts them in jeopardy.   Once again, this ploy will not work.   The Proposed FAC is ***irrelevant*** for removal purposes, however, and, in any event, does not deprive this Court of subject matter jurisdiction.

A.      **Subject Matter Jurisdiction Is Determined Based on the Operative Complaint at the Time of Removal, Not on a Possible, Future Proposed FAC**

Because Plaintiffs sought leave to amend their complaint ***after*** removal (indeed, in ***response*** to removal), *see* [ECF No. 35], it was not the operative complaint at the time of removal (and *still* is not because the Court has not granted Plaintiffs' motion for leave to amend).   Courts have made clear that subject matter jurisdiction must be determined "based on the operative complaint at the time of removal."   *Watkins v. Johnson*, No. 21-CV-60176, 2021 WL 2188222, at *2 (S.D. Fla. May 13, 2021), *report and recommendation adopted*, 2021 WL 2184918 (S.D. Fla. May 28, 2021) (citing *Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1361 (S.D. Fla. 2016)); *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("The existence of federal jurisdiction is tested as of the time of removal."); *Sarasota Anesthesiologists, P.A. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 19-cv-1518-T-02JSS, 2019 WL 3683796, at *1 (M.D. Fla. Aug. 6, 2019) ("The Court examines the operative complaint at time of removal to assess

subject matter jurisdiction.").  The Proposed FAC thus remains irrelevant for purposes of the Remand Motion.

> **B.    In Any Event, the Proposed Amended Complaint Confers Diversity Jurisdiction Upon this Court**

Even if the Proposed FAC were relevant for purposes of the Remand Motion (it is not), this Court would still have original jurisdiction over the Action based on diversity of citizenship under 28 U.S.C. § 1332.  "Original jurisdiction exists . . . where [i] the action is between citizens of different states and [ii] the amount in controversy exceeds $75,000."  *See Blasini v. W. World Ins. Co.*, No. 21-23261, 2021 WL 5832772, at *2 (S.D. Fla. Dec. 9, 2021) (Scola, J.) (citing 28 U.S.C. §§ 1332) (denying remand).  The Proposed FAC easily meets both requirements.

*First*, the Proposed FAC alleges complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(2) (providing for diversity jurisdiction between "citizens of a state and citizens or subjects of a foreign state").  The two plaintiffs in the Proposed FAC, Terra Towers and Terra TBS, are citizens of the British Virgin Islands and Panama, respectively.  *See* [ECF No. 31] ¶ 3; [ECF No. 31-4] ¶¶ 6-7; [ECF No. 35-1] ¶¶ 2-3.  The two defendants, GSG and Mr. Schachter, are citizens of Florida.  *See* [ECF No. 31-4] ¶¶ 8-9; [ECF No. 35-1] ¶¶ 4-5.  The Company is a citizen of the British Virgin Islands, *see* [ECF No. 31] ¶ 4; [ECF No. 31-4] ¶ 10; and is aligned as a nominal defendant, but should be realigned as a plaintiff.  *See Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983) ("As a practical matter, the corporation is initially named as a defendant. . . . Once joined and present before the court, the corporation is then realigned . . . in theory the corporation should be realigned as a plaintiff in a stockholder's derivative action since as the real party in

interest it stands to benefit from a successful suit.").  Because none of the plaintiffs would share citizenship with either of the defendants upon realignment, complete diversity exists.[4]

      ***Second***, the Proposed FAC alleges an amount in controversy exceeding $75,000.  In assessing the amount in controversy for diversity purposes, the Court "is not bound by the [P]laintiffs' representations regarding [their] claim, and may review the record for evidence relevant to the amount in controversy." *Blasini*, 2021 WL 5832772, at *2 (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).  While the Proposed FAC only purports to seek "damages in excess of $30,000[,]" [ECF No. 35-1] ¶ 6, elsewhere it asserts that "Plaintiffs have suffered in ***excess of $250,000*** in damages for attorneys' fees charged by GSG and Mr. Schachter," [ECF No. 35-1] ¶ 75 (emphasis added); *see also id.* ¶¶ 53, 69, and seeks compensatory damages from GSG and Mr. Schachter, *see id.* Prayer for Relief ¶¶ A-B.  Thus, the Proposed FAC easily satisfies the amount in controversy requirement of greater than $75,000 for diversity jurisdiction.

      Because the Court would have diversity jurisdiction over the proposed FAC, the motion to remand would still be denied.  *See Rohrbaugh v. Macon Cnty., Georgia*, No. 5:18-CV-1248, 2006 WL 8446316, at *1 (M.D. Ga. Feb. 3, 2006) ("[T]he removal and remand statutes do ***not*** give a district court discretion to remand matters over which it has original jurisdiction, regardless of

---

[4] To the extent Terra argues that removal is unavailable here because GSG and Mr. Schachter are both Florida citizens and the Action was initially brought in Florida state court, that argument has been waived.  *See Amica Mut. Ins. Co. v. RSUI Indem. Co.*, No. 9:19-CV-80010, 2019 WL 2051608, at *5 (S.D. Fla. May 9, 2019) ("Because the forum-defendant rule is a non-jurisdictional rule in the Eleventh Circuit, it may be waived.").  Because Terra failed to assert this argument in their Remand Motion, jurisdiction is still proper.  *See Capital Rest. Grp. v. Burger King Corp.*, No. 19-22131, 2019 WL 5102162, at *4 (S.D. Fla. Oct. 10, 2019) (Scola, J.) ("The plaintiff had failed to raise the issue in her motion to remand, waiving her right to assert the resident defendant rule.  Therefore, the case could remain in federal court based on diversity jurisdiction.") (discussing *Sauls v. Sneed*, No. 5:18-CV-1248, 2019 WL 4393033 (N.D. Ala. Sept. 13, 2019) and denying remand).

whether there might also be jurisdiction in the state courts."); *see also Sparger v. Newmar Corp.*, No. 12-81347, 2013 WL 12084297, at *1 (S.D. Fla. Jan. 31, 2013) (concluding that remand was improper because the court had original diversity jurisdiction, without considering any discretionary factors).   None of the cases Plaintiffs cite in urging the Court to exercise its "discretion" to remand involve claims over which the court had original jurisdiction, *i.e.*, federal question or diversity.   *See* Remand Mot. at 10-11 (citing *Rivera v. Rodomar, Inc.*, No. 18-22450, 2019 WL 2125017, at *3 (S.D. Fla. Jan. 23, 2019) (exercising discretion to remand after federal-law claims had been dropped, only state-law claims remained, and ***there was no other basis for original federal jurisdiction***); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (same); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (same); *Sneed v. Inch*, No. 4:20-cv-534, 2021 WL 7829690, at *5 (N.D. Fla. Dec. 10, 2021) (same)).   As a result, remand would be improper even if the Proposed FAC is permitted to be filed.

## CONCLUSION

As set forth above, and in Defendants' Removal Notice, removal is proper under the New York Convention because the Arbitration Agreement "falls under" the New York Convention and "relates to" the Operative Complaint.   The Proposed FAC, on which Plaintiffs base almost the entirety of their Remand Motion, is irrelevant for removal purposes, and, in any event, does not deprive this Court of subject matter jurisdiction.   Plaintiffs' Remand Motion should therefore be denied.

Dated:  June 1, 2022                                     Respectfully submitted,

By**: Roberto Martínez**                                   By**:  Marcos Daniel Jiménez**
Roberto Martínez                                          Marcos Daniel Jiménez
Florida Bar No. 305596                                    **MARCOS D. JIMÉNEZ, P.A.**
Stephanie A. Casey                                        255 Alhambra Circle, 8th Floor
Florida Bar No. 97483                                     Miami, FL 33134
**COLSON HICKS EIDSON, P.A.**                             Phone: (305) 570-3249
255 Alhambra Circle, Penthouse                            Email: mdj@mdjlegal.com
Coral Gables, Florida 33134
Phone: (305) 476-7400                                     *Counsel for Defendants Telecom Business*
Email: bob@colson.com                                     *Solution, LLC; LATAM Towers, LLC; and*
Email: scasey@colson.com                                  *AMLQ Holdings (Cay), Ltd.*

*Counsel for Adam Michael Schachter and Gelber*
*Schachter & Greenberg, P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

I further certify that I shall serve a copy of the foregoing by Electronic Mail to the following counsel:

> Juan J. Rodriguez
> jrodriguez@careyrodriguez.com

*Counsel for Terra Towers Corp. and TBS Management, S.A.*,

> Allan A. Joseph
> ajoseph@fidjlaw.com

*Counsel for DT Holdings, Inc.*

>   */s/ Marcos Daniel Jiménez*
> *Marcos Daniel Jiménez*
>
> *Counsel for Defendants Telecom Business Solution, LLC; LATAM Towers, LLC; and AMLQ Holdings (Cay), Ltd.*