UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **TERRA TOWERS CORP.**, *et al.*, | ) CASE NO. 1:22-cv-21204-RNS |
| | ) |
| *Plaintiffs*, | ) JUDGE ROBERT N. SCOLA, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE JONATHAN |
| | ) GOODMAN |
| **ADAM MICHAEL SCHACHTER**, *et al.*, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**SPECIALLY APPEARING DEFENDANTS TELECOM BUSINESS SOLUTION, LLC'S, LATAM TOWERS, LLC'S, AND AMLQ HOLDINGS (CAY) LTD.'S, AND DEFENDANTS ADAM M. SCHACHTER'S, AND GELBER SCHACHTER & GREENBERG, P.A.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

**I.   INTRODUCTION**

With every new filing in this matter, what was plain from the initial filing of this misguided lawsuit becomes even more painfully obvious. Plaintiffs Terra Towers Corp. ("Terra Towers") and TBS Management, S.A.'s ("Terra TBS" and together with Terra Towers, "Plaintiffs") purpose in filing this action in Florida state court was nothing more than an exercise in forum shopping intended to undermine both an ongoing New York-based international arbitration and proceedings in the Southern District of New York to confirm a Partial Final Award issued in that arbitration. Neither Plaintiffs' Amended Renewed Motion for Leave to File a First Amended Complaint (the "Motion to Amend") [ECF No. 35] nor their Response in Opposition to Defendants' Motion to Transfer Venue (the "Opposition") [ECF No. 42] provides a legitimate basis to keep this case in Florida rather than transferring it to the Southern District of New York where it belongs.

Specially Appearing Defendants Telecom Business Solution, LLC ("Peppertree Telecom"), LATAM Towers, LLC ("Peppertree LATAM" and together with Peppertree Telecom, "Peppertree"), and AMLQ Holdings (Cay) Ltd. ("AMLQ,"), and Defendants Adam M. Schachter ("Mr. Schachter"), and Gelber Schachter & Greenberg, P.A. ("GSG," and together with Mr. Schachter and Peppertree/AMLQ, the "Moving Parties") filed their Motion to Transfer Venue [ECF No. 14] (the "Motion to Transfer") on April 25, 2022. Since then, Plaintiffs have flailed about seeking some procedural maneuver to keep this case in Florida state court—filing both the

Motion to Amend on May 12, 2022 [ECF No. 35] and a Motion to Remand to Florida state court on May 18, 2022 [ECF No. 38]. Those filings are both unavailing. All of Plaintiffs' claims (baseless as they are) arise out of matters already decided by the Tribunal in the New York-based arbitration, including (1) the representation of parties in that arbitration pursuant to a binding Shareholders Agreement, which is governed by New York law and contains a broad arbitration provision; and (2) the performance in New York of the Framework Agreement, which constituted a Board action pursuant to the Shareholders Agreement and was created solely to address representation in that New York-based arbitration.

Plaintiffs' relentless efforts at forum-shopping should not be rewarded. All relevant factors overwhelmingly weigh in favor of transfer to federal court in New York. The record before this Court demonstrates that, at most, there is a tenuous connection between either the operative state court complaint [ECF No. 1-4] (the "Operative Complaint" or "Complaint") or the proposed First Amended Complaint [ECF No. 35-1] (the "Proposed FAC") and the Southern District of Florida. There are, on the other hand, strong ties to the Southern District of New York and the interrelated arbitration and litigation pending there. The fact that citizens of Florida were retained to represent an international entity in an ongoing international arbitration pending in New York brings little to Plaintiffs' side of the argument—particularly where those very citizens of Florida (Mr. Schachter and his law firm, GSG) support transfer to the proper venue, the Southern District of New York.

Additionally, contrary to Plaintiffs' contentions, this Court has subject matter jurisdiction over this case and, therefore, may rule on the Moving Parties' Motion to Transfer. Because, as set forth in the Operative Complaint, Plaintiffs' claims are governed by a valid and binding arbitration provision contained in the parties' Shareholders Agreement, this Court has federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 205. Moreover, even if it were before this Court (which it is not), Plaintiffs' Proposed FAC Proposed FAC—in addition to being a futile pleading that is subject to dismissal on its face—would not change that result because the Proposed FAC is also subject to this Court's jurisdiction under 28 U.S.C. § 1332. Thus, in the event that the Court determines that it should first consider the Motion to Remand, the Court should merely postpone its decision on the instant Motion to Transfer, especially because remand is not warranted here.

Accordingly, for the reasons set forth below and those in the Motion to Transfer [ECF No. 14], the Moving Parties respectfully request that this Court transfer this case to the Southern District of New York.

## II. LAW AND ARGUMENT

### A. Private and Public Interest Factors Weigh Heavily in Favor of Transfer to the Southern District of New York Because This Case Has Only a Tenuous Connection to Florida.

In their Opposition, Plaintiffs attempt to argue that the private and public interest factors weigh against transferring this case to the Southern District of New York. At bottom, Plaintiffs do not, and cannot, argue around the fact that none of the Moving Parties, save for Mr. Schachter and GSG, have *any* connection to Florida and that the issues in this case arise from a Shareholders Agreement governed by New York law that is already the subject of both a New York-based arbitration and litigation in the Southern District of New York.

Plaintiffs' choice of forum is *not* entitled to deference in this case because "the claims raised in [the plaintiff's] complaint only appear to have a limited connection with this District.'" *Jones Real Est., Inc. v. Avatel Techs., Inc.*, No. 17-23933-CIV, 2018 WL 1121537, at *3 (S.D. Fla. Mar. 1, 2018) (quoting *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011)) (internal quotations omitted). Plaintiffs' primary rebuttal—that "[t]he Framework Agreement…was executed in Florida by all parties to the Shareholders Agreement," Opp. at 7—is demonstrably false. As an initial matter, in the Operative Complaint, Plaintiffs do not allege that all parties executed the Framework Agreement in Florida. *See generally* Compl. [ECF No. 1-4]. They make this baseless claim, without any support in the record, for the first time in their Opposition; therefore, it should be disregarded by the Court altogether. Moreover, only one party to the Framework Agreement is even from Florida, *see id*. at ¶¶ 8–9; the rest are from elsewhere, *id*. at ¶¶ 6-7, 10-14. At the very least, neither Peppertree nor AMLQ were present in Florida for the execution of the Framework Agreement, *see* Ranieri Decl. in Support of Peppertree's Motion to Dismiss [ECF No. 12-1] ¶¶ 4-5; Ziegler Decl. in Support of AMLQ's Motion to Dismiss [ECF No. 13-1] ¶ 4, and the Moving Parties have no reason to believe that Mr. Gaitan—a resident of Guatemala, who was representing a Company incorporated in the British Virgin Islands ("BVI")—executed the Agreement in Florida, either, *see* Compl. [ECF No. 1-4] ¶

3

10. Importantly, the Framework Agreement, which is not an engagement letter,[1] was executed as part of the parties' participation in the New York-based arbitration and was to be—and is being—performed in New York, not Florida. In fact, Plaintiffs concede in their Operative Complaint that the Agreement "describe[s] the general framework under which [GSG and Mr. Schachter] will serve as independent counsel for [the Company] as a nominal party ***in the arbitration***." *Id.* ¶ 27 (emphasis added).

Furthermore, "when a plaintiff is not a resident of the forum district, courts accord a plaintiff's choice of a forum less weight." *United States ex rel. Fla. v. ApolloMD Inc.*, No. 1:17-CV-20012-KMW, 2020 WL 10181736, at *8 (S.D. Fla. Aug. 3, 2020); *see also Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ("But where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, ***and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.***") (emphasis added) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981)). Because Plaintiffs are not residents of the forum district but instead are residents of the BVI and Panama, Compl. [ECF No. 1-4] ¶¶ 6-7, and because they have alleged—at best—a tenuous connection to Florida, their choice of forum is given "minimal deference." *ApolloMD Inc.*, 2020 WL 10181736 at *8.

Contrary to Plaintiffs' strained argument that this case is solely about Florida attorneys and a purported Florida agreement, the witnesses, documents, and locus of operative facts underlying this action reside in the Southern District of New York. As such, the balance of conveniences heavily favor transfer to New York. Mr. Schachter and GSG were specifically retained to act as the Company's counsel exclusively in the underlying New York-based arbitration. Compl. [ECF No. 1-4] ¶ 26. The Framework Agreement was designed to be, and has been, performed in New York, not Florida. When a contract is to be or was performed in the District where the transferee court resides, that factor weighs in favor of transfer. *See Jones Real Est., Inc.*, 2018 WL 1121537, at *3, 7 (granting motion to transfer action to New York based on the totality of circumstances, including "the Southern District of Florida is neither the plaintiff's home forum nor the locus of operative facts," where the parties' lease agreement was not performed in Florida). Additionally, other than Mr. Schachter and GSG, who agree that this case should be transferred to New York,

---

[1] Continental Towers LATAM Holdings Limited (the "Company") has a separate engagement letter with GSG.

***none of the relevant witnesses reside in Florida***.  AMLQ's witnesses are in New York and Texas; Peppertree's witnesses are in Ohio (which is closer to New York than to Florida); and Mr. Gaitan is a resident of Guatemala—although, in his roles as CEO of the Company, he has appeared in the New York-based arbitration multiple times, most recently in person in New York on June 3, 2022. Indeed, Plaintiffs do not contend that their relevant witnesses or documents are located in Florida, nor can they, because they are residents of the BVI and Panama, and run their business out of Latin America.  Finally, to the extent the Company's documents, including those related to Mr. Gaitan's role as the Company's CEO, are relevant to Plaintiffs' claims, such documents are not located in Florida either because the Company has no connection to Florida.  *See* Compl. [ECF No. 1-4] ¶¶ 10 (alleging the Company is a BVI resident), 17 (alleging the Company's business is in Central and South America).

At the heart of this litigation is the Company's authority under the Shareholders Agreement to engage independent counsel for the arbitration in ***New York***.  It bears repeating that the Framework Agreement serves the ***sole*** purpose of permitting the Company to engage Mr. Schachter and GSG as independent counsel for the Company during the pendency of the New York-based arbitration.  In fact, Plaintiffs have already lost ***precisely the same issue*** they raise in their Operative Complaint before the Tribunal in the New York-based arbitration.  *See* Dec. 23, 2021 Order [ECF No. 14-3].  No matter which way Plaintiffs attempt to frame their arguments, this case concerns a New York arbitration and the directly-related New York litigation.  Transfer to the Southern District of New York is warranted because that court is already considering the same issues regarding the relationship among the parties, and the parties' rights, under the Shareholders Agreement as Plaintiffs have attempted to raise here in Florida.  *See Elliott v. Williams*, 549 F. Supp. 3d 1333, 1341 (S.D. Fla. 2021) (granting motion to transfer where the transferee forum was "a place where a substantially identical action has already been brought").

Finally, Plaintiffs' utter failure to address the interests of trial efficiency and justice constitutes a tacit admission.  The Southern District of New York has a demonstrably greater interest in this case than the Southern District of Florida because there is highly interrelated litigation already pending in the New York court.  Federal courts afford substantial weight to the efficiency and justice factors, and routinely grant motions to transfer where directly-related litigation is already pending in another district.  *See, e.g.*, *F.D.I.C. ex rel. Citizens State Bank v. Fedorov*, No. 10-20912, 2011 WL 2110830, at *2 (S.D. Fla. May 26, 2011) (transferring case to

the Eastern District of Michigan when the pending litigation in that district was closely related to the litigation in Florida, both cases may have led to inconsistent findings of fact, and the findings in the Michigan case could affect the findings in the Florida case); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla., Inc.*, No. 10-80241-CIV, 2012 WL 12930665, at *8–9 (S.D. Fla. Feb. 6, 2012) (granting motion to transfer and noting that the "most compelling reason for transfer is the existence of the pending case in the Eastern District of Michigan…the pending litigation in the Eastern District of Michigan is directly related to the action here.").

As explained above, courts will generally decide motions to transfer prior to a motion to remand where, as here, there is another court already familiar with the issues in the case in order to serve the section 1404(a) goal of conserving judicial resources. *Zampa v. JUUL Labs, Inc.*, No. 18-25005, 2019 WL 1777730, at *4 (S.D. Fla. Apr. 23, 2019) (quoting *Maxon v. Sentry Life Ins. Co.*, 2018 WL 3850011, at *2 (M.D. Fla. Apr. 11, 2018)). Even where "the factors of Plaintiff[s'] choice of forum and the ability to compel the testimony of Florida witnesses disfavor transfer, these considerations are outweighed by the other relevant factors and ***the necessity of consolidating the two interrelated actions***." *Great Lakes Transp.*, 2012 WL 12930665 at *9 (emphasis added). Therefore, even if this Court were to find merit in Plaintiffs' arguments that their choice of forum should be afforded deference and that the convenience of the witnesses does not favor transfer (which it should not in this case), the Court still should transfer the case because there is highly interrelated litigation presently before the Southern District of New York.

**B. This Court Has Subject Matter Jurisdiction Over This Case Pursuant to the New York Convention and Via Diversity Jurisdiction.**

Plaintiffs' Opposition incorrectly asserts, without support, that this Court does not have the requisite subject matter jurisdiction to enter an order to transfer venue. As laid out in the Opposition to Remand [ECF No. 44], this Court has subject matter jurisdiction over the instant action under either the Operative Complaint or the Proposed FAC. In any event, presently, the Proposed FAC is not at issue and is merely an exhibit to Plaintiffs' Motion to Amend [ECF No. 35-1].

This Court has subject matter jurisdiction over the Operative Complaint, pursuant to 9 U.S.C. § 205, the statute providing for removal of cases that fall under the New York Convention. The subject matter of this case falls squarely within the scope of the statute because it "relates to an arbitration agreement . . . falling under the Convention." *Key Motors Ltd. v. Hyundai Motor*

6

*Co.*, No. 16-23657, 2016 WL 7364756, at *3 (S.D. Fla. Oct. 31, 2016) (Scola, J.) (quoting 9 U.S.C. § 205); *see also Pysarenko v. Carnival Corp.*, No. 14-20010-CIV, 2014 WL 1745048, at *7 (S.D. Fla. Apr. 30, 2014), *aff'd,* 581 F. App'x 844 (11th Cir. 2014), *cert. denied,* 135 S. Ct. 2378, 192 L.Ed. 2d 164 (2015) ("[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.") (internal citation omitted). Plaintiffs themselves concede that "the [Operative] Complaint . . . is related to a matter which arises under the Federal Arbitration Act." Notice of Filing Arising from International Commercial Arbitration [ECF No. 1-5] ¶ 1. The arbitration provision in the Shareholders Agreement governs Plaintiffs' claims in their Operative Complaint because, as previously found by the Tribunal in the arbitration in its December 23, 2021 Order, the Framework Agreement is nothing more than a Board action approving the retention of Mr. Schachter and GSG as independent counsel for the Company in the underlying New York arbitration. *See* Dec. 23, 2021 Order [ECF No. 14-3] at ¶¶ 4, 6. This Court unequivocally possesses subject matter jurisdiction over the Operative Complaint pursuant to 9 U.S.C. § 205.

Even if the utterly frivolous Proposed FAC were currently in play for purposes of establishing subject matter jurisdiction in this matter (which it is not[2]), this Court would retain subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. "Original jurisdiction exists . . . where [i] the action is between citizens of different states and [ii] the amount in controversy exceeds $75,000." *Blasini v. W. World Ins. Co.*, No. 21-23261, 2021 WL 5832772, at *2 (S.D. Fla. Dec. 9, 2021) (Scola, J.) (citing 28 U.S.C. § 1332). As set forth more fully in the Opposition to Remand, the Proposed FAC alleges both complete diversity of citizenship and an amount in controversy in excess of $75,000. The Proposed FAC alleges that Plaintiffs Terra Towers and Terra TBS are citizens of the BVI and Panama, respectively. ECF No. 35-1 ¶¶ 2-3. It further alleges that Mr. Schachter and GSG, the only defendants in the Proposed FAC, are citizens of Florida. *Id*. ¶¶ 4–5. Complete diversity therefore exists because none of the plaintiffs in the Proposed FAC share citizenship with any of the defendants.[3] Additionally,

---

[2] As set forth in the Opposition to Remand [ECF No. 44], because the FAC is not the operative complaint in this matter, it is irrelevant for purposes of the Moving Parties' present motions before the Court. Opp. to Remand at 11-12.

[3] Plaintiffs improperly fail to include jurisdictional allegations related to the Company in the Proposed FAC. But it is undisputed that the Company is a BVI citizen, as Plaintiffs alleged in the

Plaintiffs concede in the Proposed FAC that the amount in controversy exceeds $75,000 because they allege that "Plaintiffs have suffered *in excess of $250,000* in damages for attorneys' fees charged by GSG and Mr. Schachter[.]" *Id*. ¶ 7 (emphasis added). Because the Proposed FAC alleges complete diversity of citizenship and an amount in controversy greater than $75,000, even if it were operative, this Court has subject matter jurisdiction over the action. Thus, the only real question before this Court is which Federal District Court is most appropriate to hear and resolve Plaintiffs' claims.

Moreover, this Court need not, and indeed should not, deny the Motion to Transfer simply because Plaintiffs filed a Motion to Remand. Plaintiffs' arguments in this regard are simply wrong. "Plaintiffs' argument lacks merit because 'there is no federal law or statute, or judicial decision, that requires this court to decide a motion to remand before it decides a motion to transfer.'" *Zampa*, 2019 WL 1777730, at *3 (quoting *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1362 (M.D. Ala. 1998)). Contrary to Plaintiffs' claim, "there is no bright-line rule as to which motion should be decided first as this determination depends, in large part, on the facts of each case and because remand law is federal law – meaning any district court can decide whether a case has federal jurisdiction." *Id*. In cases such as this one, "courts have generally decided motions to transfer in the first instance when there is another court that is already familiar with the issues to 'ensure the efficient use of judicial resources.'" *Id.* at *4 (quoting *Maxon*, 2018 WL 3850011, at *2) (citation omitted). Because Plaintiffs' claims arise out of the New York-based international arbitration, transferring this case so that it can be consolidated with the pending action in the Southern District of New York will ensure a more efficient use of judicial resources and conserve the time, energy, and money of both the parties and the courts involved.

Under these facts and circumstances, the Court should transfer this litigation to the Southern District of New York where Plaintiffs' Motion to Remand may be decided by a court already steeped in resolving the issues among the parties. In the event that the Court determines

---

Operative Complaint, and operates out of Latin America. Compl. [ECF No. 1-4] ¶¶ 10, 17. It is certainly not a citizen of Florida. As explained in the Opposition to Remand [ECF No. 44], in a derivative action, the Company is initially considered a nominal defendant but, for purposes of diversity jurisdiction, should be realigned as a plaintiff. Opp. to Remand at 12 (citing *Blasini v. W. World Ins. Co.*, No. 12-23261, 2021 WL 5832772, at *2 (S.D. Fla. Dec. 9, 2021 (Scola J.) (citing 28 U.S.C. §§ 1332) (denying remand)). Thus, even considering the Company's citizenship, complete diversity of citizenship still exists.

8

that it should first consider the Motion to Remand, the Court should merely postpone its decision on the instant Motion to Transfer. The Court need not, and should not, outright deny the Motion to Transfer pending resolution of the Motion to Remand, as Plaintiffs seek, especially because remand is not warranted here.

### III.  CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that the Court grant their Motion to Transfer [ECF No. 14] and transfer this case to the Southern District of New York.

Dated:  June 10, 2022

By: **Stephanie A. Casey**
Roberto Martínez
Florida Bar No. 305596
Stephanie A. Casey
Florida Bar No. 97483
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: (305) 476-7400
bob@colson.com
scasey@colson.com

*Counsel for Adam Michael Schachter and Gelber Schachter & Greenberg, P.A.*

Respectfully submitted,

By**: Marcos D. Jiménez**
Marcos D. Jiménez
**MARCOS D. JIMÉNEZ, P.A.**
255 Alhambra Circle, 8th Floor
Coral Gables, FL 33134
Phone: (305) 570-3249
mdj@mdjlegal.com
lburns@leoncosgrove.com

Michael N. Ungar*
Katherine M. Poldneff*
Gregory C. Djordjevic*
**ULMER & BERNE LLP**
1660 W 2nd Street, Suite 1100
Cleveland, OH 44113
Phone: (216) 583-7000
mungar@ulmer.com
kpoldneff@ulmer.com
gdjordjevic@ulmer.com

Gregg L. Weiner*
Ethan R. Fitzgerald*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Ethan.Fitzgerald@ropesgray.com

Daniel V. Ward*
Katherine M. McDonald*
**ROPES & GRAY LLP**

9

Prudential Tower
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Daniel.Ward@ropesgray.com
Katherine.McDonald@ropesgray.com

*Application seeking admission *pro hac vice* forthcoming

*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

I further certify that on June 10, 2022, a copy of the foregoing was served by Electronic Mail on the following counsel:

> Juan J. Rodriguez
> jrodriguez@careyrodriguez.com
>
> Luke T. Jacobs
> ljacobs@careyrodriguez.com

*Counsel for Terra Towers Corp. and TBS Management, S.A.*,

> Allan A. Joseph
> ajoseph@fidjlaw.com

*Counsel for DT Holdings, Inc.*

                                             */s/ Marcos D. Jiménez*
                                             Marcos D. Jiménez

                                             *Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*