UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **TERRA TOWERS CORP.**, *et al.*, | ) CASE NO. 22-21204-CIV-SCOLA/DAMIAN |
| | ) |
| *Plaintiffs*, | ) JUDGE ROBERT N. SCOLA, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE MELISSA |
| | ) DAMIAN |
| **ADAM MICHAEL SCHACHTER**, *et al.*, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**SPECIALLY APPEARING DEFENDANTS TELECOM BUSINESS SOLUTION, LLC'S, LATAM TOWERS, LLC'S, AND AMLQ HOLDINGS (CAY) LTD.'S OMNIBUS REPLY IN SUPPORT OF THEIR RULE 12 MOTIONS**

**I.   THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER PEPPERTREE AND AMLQ**

Plaintiffs Terra Towers Corp.'s and TBS Management, S.A.'s (collectively, "Plaintiffs") Response in Opposition [ECF No. 48] (the "Opposition") to Specially Appearing Defendants Telecom Business Solution, LLC's ("Peppertree Telecom"), LATAM Towers, LLC's ("Peppertree LATAM," together with Peppertree Telecom, "Peppertree"), and AMLQ Holdings (Cay) Ltd.'s ("AMLQ," and with Peppertree, "Peppertree/AMLQ") Motions to Dismiss for Lack of Personal Jurisdiction, [ECF No. 12] at 1-16; [ECF No. 13] at 13 (collectively, the "12(b)(2) Motions"), does not and cannot change the fact that this Court lacks personal jurisdiction over Peppertree and AMLQ.

Plaintiffs attached clear, *unrebutted* evidence to their 12(b)(2) Motions demonstrating that they are literal strangers to Florida: they do not carry on any business in Florida; they do not have a presence or offices in Florida; they do not possess or maintain licenses to do business in Florida; they do not service any clients in Florida; and they do not generate any revenue from Florida-based clients. Ranieri Decl.[1] ¶ 9; Ziegler Decl.[2] ¶ 6. Indeed, in *Plaintiffs' own words*, Peppertree/AMLQ "refuted, through the submission of extensive briefing and sworn declarations, that Florida courts

---

[1]   *See generally* Declaration of John J. Ranieri [ECF No. 12-1 (the "Ranieri Decl.")].
[2]   *See generally* Declaration of Carey Ziegler [ECF No. 13-1 (the "Ziegler Decl.")].

may exercise personal jurisdiction over them." [ECF No. 56] at 4. Tellingly, Plaintiffs do not contest a single fact in either of the Declarations presented to this Court by Peppertree/AMLQ; instead, they attempt a desperate and impermissible pivot, in direct derogation of well-established precedent, that relies on: (1) apparently, suddenly discovered, unpled (and specious) alter-ego allegations; and (2) blatant misrepresentations of the allegations in the Complaint to claim, without basis and for the first time, that Peppertree/AMLQ *may* have committed some hypothetical and attenuated tortious acts in Florida.[3] Likely understanding that their arguments based on the allegations set forth in the Complaint cannot carry the day, and that their fatally flawed Complaint should be subject to dismissal, Plaintiffs, in a last-ditch effort, request jurisdictional discovery so that they can attempt to substantiate their new, unpled alter-ego theory.

Plaintiffs' improper gambit should be rejected because, as set forth below, there is zero basis for jurisdictional discovery, and the 12(b)(2) Motions should be granted for the following reasons: *First*, Plaintiffs have not satisfied their initial burden to make out a *prima facie* case of jurisdiction because they have not alleged *any facts* that support this Court's exercise of personal jurisdiction over Peppertree/AMLQ under any subsection of Florida's long-arm statute. *Second*, even if Plaintiffs had alleged facts sufficient to satisfy their initial burden (they did not), Plaintiffs utterly failed to rebut—as required by the Eleventh Circuit's burden-shifting framework—Peppertree/AMLQ's clear evidence demonstrating that they are *not* subject to this Court's jurisdiction. *Lastly*, even if Plaintiffs had satisfied both of their burdens under the Eleventh Circuit's burden-shifting framework (they did not), Plaintiffs' Opposition fails to rebut—or even attempt to rebut—Peppertree/AMLQ's contention that this Court's exercise of personal jurisdiction over Peppertree/AMLQ would violate their Due Process rights. Accordingly, the Court should grant Peppertree/AMLQ's 12(b)(2) Motions.

### A. Plaintiffs Have Failed to Satisfy Their Initial Burden of Demonstrating Personal Jurisdiction Under Florida's Long-Arm Statute.

Plaintiffs undeniably "bear[] the initial burden of alleging sufficient facts in the complaint to make out a prima facie case of jurisdiction" over Peppertree and AMLQ. *RipKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1290 (S.D. Fla. 2021). Having ignored that

---

[3] It is worth noting that, not only are there no alter ego allegations or claims of tortious behavior in the currently pending and operative Complaint, but such allegations are similarly absent from Plaintiffs' proposed First Amended Complaint. Plainly these arguments were concocted solely for purposes of opposing the 12(b)(2) Motions.

burden in their Complaint, Plaintiffs now contend, unpersuasively, that this Court can exercise jurisdiction over Peppertree and AMLQ pursuant to Sections 48.193(1)(a)(1) and 48.193(1)(a)(2) of Florida's long-arm statute. However, this contention is belied by both the allegations in the Complaint and black-letter law. On this basis alone, the Complaint should be dismissed. *See, e.g., Pavlovich v. New York*, No. 11-80969, 2011 WL 3878353, at *1 (S.D. Fla. Sept. 2, 2011) (dismissing a complaint because the plaintiff failed to carry his "initial burden of pleading enough facts to make out a prima facie case for personal jurisdiction"); *Johnny v. Bornowski*, No. 09-61253, 2009 WL 10666695, at *3 (S.D. Fla. Dec. 22, 2009) (dismissing a complaint because the plaintiff failed "to allege facts sufficient to support th[e] Court's exercise of personal jurisdiction over Defendants"); *East Okeechobee Palms, LLC v. Kellam*, No. 9:14-cv-08066, 2015 WL 12977392, at *3 (S.D. Fla. Feb. 23, 2015) (dismissing a complaint because it failed "to allege any basis for asserting personal jurisdiction over any Defendant.").

### 1.  *Plaintiffs' unpled alter-ego theory fails as a matter of law.*

Plaintiffs do not even attempt to rebut the Ranieri Decl. or the Ziegler Decl., which were filed in support of the 12(b)(2) Motions and conclusively demonstrate that Peppertree and AMLQ have no contacts with Florida. Instead, they claim, for the first time in their Opposition, that this Court has jurisdiction over Peppertree/AMLQ pursuant to Section 48.193(1)(a)(1) of Florida's long-arm statute because Peppertree/AMLQ purportedly "through their [respective] parent corporations, operate, conduct, engage in or carry-on business in Florida." [ECF No. 48] at 8. Plaintiffs' "Hail Mary" alter-ego theory is a transparent attempt to avoid the undisputed fact that Peppertree/AMLQ **have no contacts with Florida**. This new theory, however, is doomed because it is based on new, purported facts asserted in the Opposition, yet these "facts" are nowhere to be found in the Complaint. *See generally* [ECF No. 1-4]. For this reason alone, it must be rejected out of hand. *See, e.g. Omega Psi Phi Fraternity, Inc. v. HCE Group of Companies, Inc.*, No. 11-CV-80479, 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011) (considering a motion to dismiss for lack of personal jurisdiction and finding that "[i]n the face of [that motion], the Court may only consider the facts alleged in the complaint itself, and the new facts in Plaintiff's opposition may not be considered").

Even if this Court were to consider Plaintiffs' new theory (it should not), "[b]lack-letter law forbids equating a subsidiary with its parent absent ***extraordinary justification*** to pierce a corporate veil." *Atmos Nation LLC v. Alibaba Group Holding Ltd.*, No. 0:15-cv-62104, 2016 WL

3

<a>
</a>

<b>
</b>

1028332, at *6 (S.D. Fla. Mar. 15, 2016) (emphasis added); *see also Verizon Trademark Servs., LLC v. Producers, Inc.,* 810 F. Supp. 2d 1321, 1329 (M.D. Fla. 2011) ("As a general principle, personal jurisdiction over a Florida parent corporation will not equate to personal jurisdiction over a subsidiary"); *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other"). While there is "[a]n exception" to this principle "when the subsidiary is merely the alter ego or mere instrumentality of the Florida parent corporation, over which the Court does have personal jurisdiction," *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1329, "the **plaintiff must make sufficient jurisdictional allegations to pierce the corporate veil**[, which] requires the plaintiff to establish both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in improper conduct in the formation or use of the corporation." *Abdo v. Abdo*, 263 So. 3d 141, 149 (Fla. Dist. Ct. App. 2018) (internal quotations omitted) (emphasis added); *see also Mey v. Enterprise Financial Group, Inc.*, No. 2:15-cv-463, 2016 WL 7338411, at *3 (M.D. Fla. Dec. 19, 2016) ("To establish jurisdiction under the alter ego theory, the plaintiff's pleading must set forth sufficient jurisdictional allegations to pierce the corporate veil of the resident corporation," including "both that the corporation is a 'mere instrumentality' or alter ego of the defendant, and that the defendant engaged in 'improper conduct' in the formation or use of the corporation."). The Complaint does not and cannot, truthfully, allege facts that support either prong.

  First, the Complaint does not allege that Peppertree/AMLQ are mere instrumentalities or alter-egos of their parent companies, because it cannot truthfully do so. *See generally* [ECF No. 1-4]. In fact, the Complaint contains no mention of Peppertree's parent corporation, Peppertree Capital Management, Inc. ("PCMI") nor AMLQ's parent company, Goldman Sachs & Co., LLC ("Goldman"). *Id*. This material omission is fatal to Plaintiffs' claims of alter ego jurisdiction. *See, e.g. Sompo Japan Nipponkoa Insurance, Inc. v. CSX Transportation, Inc.*, No. 3:19-cv-1154, 2020 WL 7074558, at *7 (M.D. Fla. Dec. 3, 2020) (finding that a plaintiff failed to meet "its burden of alleging or establishing jurisdiction over" a defendant "based on an alter ego theory" because "the Operative Complaint fail[ed] to include sufficient jurisdictional allegations to establish that" the "companies [were] alter egos of each other"); *see also Davis v. Vinnell Corp.*, 4:06cv451, 2007 WL 2462010, at *3 (N.D. Fla. Aug. 27, 2007) (rejecting a plaintiff's contention that the court had

jurisdiction over "a subsidiary of . . . a multinational corporation that does business in Florida," because: (1) the issue was "not whether personal jurisdiction exist[ed] over [the parent corporation], but whether there [was] jurisdiction over [the subsidiary]," and (2) "[n]othing in th[e] record provide[d] any substantial support for treating [the subsidiary and parent] as alter egos.").

Second, the Complaint does not and cannot allege that either PCMI or Goldman engaged in improper conduct in the formation or use of Peppertree and AMLQ, respectively.[4] *See generally* [ECF No. 1-4]. Under established law, "a parent [company] engages in improper conduct if it uses the subsidiary to mislead creditors or to perpetrate a fraud upon them or as a means of evading liability." *Atmos Nation LLC v. Alibaba Group Holding ltd.*, No. 0:15-cv-62104, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016); *see also Heli Enterprise, Inc. v. Dart Helicopter Services, LLC*, No. 8:11-cv-02077, 2012 WL 12909891, at *1 (M.D. Fla. Jan. 12, 2012) ("Florida law is clear that the corporate veil cannot be pierced absent proof that the corporation was organized or used for an improper purpose, such as to mislead creditors or perpetrate a fraud.").

As set forth above, the Complaint utterly fails to mention PCMI or Goldman, let alone allege that they created Peppertree and AMLQ (respectively) for improper purposes. *See generally* [ECF No. 1-4]. Plaintiffs' strained alter ego theory is doomed for this reason alone. *See, e.g., Gubanova v. Miami Beach Owner, LLC*, No. 12-2231-CIV, 2013 WL 6229142, at *4 (S.D. Fla. Dec. 2, 2013) (holding that although plaintiff "asserted that the resident company . . . [was] a mere instrumentality of the foreign defendants," plaintiff could not avail herself of the alter-ego doctrine because she failed to allege "any improper conduct on the part of the non-resident defendants with respect to their dealings with" the resident defendant); *see also Torres v. Int'l Lifestyles, Inc.*, No. 04-61729-CIV, 2005 WL 8155312, at *3 (S.D. Fla. Sept. 29, 2005) (finding plaintiff's alter-ego theory deficient because plaintiff "failed to allege or establish by affidavit or otherwise that [d]efendants engaged in any improper conduct necessary to support an alter-ego theory.").

### 2. *The Complaint does not allege that Peppertree and AMLQ committed any tortious acts that would trigger Florida's long-arm statute.*

Plaintiffs once again ignore their own Complaint when they argue that this Court has personal jurisdiction over Peppertree and AMLQ, under Section 48.193(1)(a)(2) of Florida's long-

---

[4] Indeed, Plaintiffs cannot make this allegation because the formation of both Peppertree and AMLQ to invest in Continental Towers LATAM Holdings Limited was wholly proper. *See* [ECF No. 12-1] at ¶¶ 4-9; [ECF No. 13-1] at ¶¶ 5-6.

arm statute because the Complaint purportedly "describe[s] the commission of a tortious act by Peppertree and AMLQ," and that Plaintiffs' "rescission claim is based on an alternative set of allegations, which claim that Peppertree and AMLQ [] were aware of and participated in the material misrepresentation of fact concerning Mr. Gaitan's purported corporate status within the Company." [ECF No. 48 at 8-9]. That simply is not what Plaintiffs allege in the Complaint.

Plaintiffs point to paragraphs 45-48 of the Complaint, yet these paragraphs barely mention Peppertree/AMLQ, let alone support Plaintiffs' argument. *See* [ECF No. 1-4] ¶¶ 45-48. Of the cited paragraphs, only Paragraph 45 even references Peppertree/AMLQ at all, and then only because it refers to "Defendants" generally. Paragraph 45 merely alleges that the Framework Agreement should be voided based on a unilateral-mistake theory. Contrary to Plaintiffs' assertion, "material misrepresentation of fact" is not a material element of unilateral mistake under Florida law. *See, e.g., DePrince v. Starboard Cruise Services, Inc.*, 271 So.3d 11, 20 (Fla. 3d DCA 2018) ("A contract may be set aside on the basis of a unilateral mistake of material fact if: (1) the mistake was not the result of an inexcusable lack of due care; (2) denial of release from the contract would be inequitable; and (3) the other party to the contract has not so changed its position in reliance on the contract that rescission would be unconscionable."). Even if it were, the Complaint utterly fails to allege that Peppertree/AMLQ made ***any*** misrepresentations to Plaintiffs. *See generally* [ECF No. 1-4].

The Complaint is also devoid of any allegation that Peppertree/AMLQ engaged in any tortious conduct whatsoever; nor does it assert a single tort-based claim against Peppertree and AMLQ. *See generally id.* This dearth of allegations is fatal to Plaintiffs' theory that this Court may exercise specific personal jurisdiction over Peppertree/AMLQ pursuant to Section 48.193(1)(a)(2) of Florida's long-arm statute. *See, e.g., MSP Recovery Claims, Series LLC v. Arbella Mutual Insurance Co.*, 20-cv-24062, 2021 WL 8343190, at *4 (S.D. Fla. Jan. 29, 2021) (holding that the plaintiffs "fail[ed] to carry their initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction under § 48.193(1)(a)(2)" because "[n]owhere in the Amended Complaint [did] Plaintiffs allege that Defendants committed a tort within Florida"); *see also Lemoine v. Wong*, 0:17-cv-60099, 2017 WL 5127592, at *4 (S.D. Fla. Mar. 29, 2017) (finding that a plaintiff "fail[ed] to establish a prima facie case or jurisdiction under Florida's long-arm statute," in part, because the plaintiff failed to allege "that HBH committed a tortious act within the State of Florida, as required under Section 43.193(1)(a)(2).").

### B. Plaintiffs Have Failed to Produce a Scintilla of Evidence Supporting This Court's Exercise of Personal Jurisdiction Over Peppertree and AMLQ.

Even if Plaintiffs had satisfied their initial burden (they did not), because Peppertree/AMLQ supported their 12(b)(2) Motions with actual evidence that "contradict[s] the plaintiff[s'] allegations, the burden shifts back to" Plaintiffs, who then must "prove—not merely allege—jurisdiction by affidavits, testimony, or other documents." *Johnson v. Royal Caribbean Cruises Ltd.*, 474 F. Supp. 3d 1260, 1265 (S.D. Fla. 2020); *see also Argos Global Partner Services, LLC v. Ciuchini*, 446 F. Supp. 3d. 1073, 1086 (S.D. Fla. 2020) (finding that if a defendant submits evidence "to show the inapplicability of the state's long-arm statute," a plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint."). Peppertree/AMLQ satisfied their burden by producing sworn testimony establishing that Peppertree/AMLQ: ***do not*** (1) do any business in Florida; (2) have any Florida-based offices; (3) have any presence in Florida; (4) have any Florida-based employees; (5) provide any services to any Florida-based individuals or businesses; (6) provide any goods to any Florida-based individuals or businesses; (7) carry on any business in Florida; (8) possess or maintain licenses to do business in Florida; (9) have investments in Florida; (10) generate any revenue from Florida; or (11) have any connection to Florida of any kind. [ECF No. 13-1] at ¶¶ 8-9; *see also* [ECF No. 14-1] ¶ 6.

Under the burden-shifting framework set forth above, Plaintiffs were required to rebut this sworn testimony. Nonetheless, they have failed to offer even a scintilla of rebuttal evidence, or, indeed, ***any*** evidence that supports the exercise of personal jurisdiction over Peppertree/AMLQ. Accordingly, the Complaint should be dismissed. *See, e.g., Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 588 (M.D. Fla. 1991) (finding plaintiff failed to carry its burden because it "provided no proof by means of affidavit or otherwise of the alleged contract terms upon which he asks this Court to base a finding of personal jurisdiction"); *see also Luigino's Intern., Inc. v. Miller Intern. Foods, Inc.*, No. 6:07-cv-769, 2007 WL 1576363, at *3 (M.D. Fla. May 30, 2007) (dismissing complaint because plaintiff "failed to refute" the evidence set forth by the defendant, "or establish any additional contacts by affidavit or other competent proof, as required under the burden shifting process described above.").

### C. The Exercise of Jurisdiction Over Peppertree and AMLQ Would Not Comport With Due Process.

Even if Plaintiffs could demonstrate that Peppertree/AMLQ are subject to this Court's jurisdiction under Florida's long-arm statute (which they have not done and cannot do), Plaintiffs' Opposition wholly ignores the second prong of the personal jurisdiction inquiry—whether jurisdiction over Peppertree/AMLQ would comport with the Due Process Clause of the Fourteenth Amendment. *See, e.g., Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1138 (S.D. Fla. 2009) ("If personal jurisdiction is established under" Florida's long-arm statute, "the Court must determine whether jurisdiction satisfies the requirements of the Due Process Clause."). Plaintiffs bear the burden of satisfying this prong, which they failed to do here. *See, e.g., Zanakis v. Scanreco, Inc.*, No. 18-cv-21813, 2019 WL 2211872, at *5 (S.D. Fla. Feb. 6, 2019) ("***Plaintiffs must also establish*** that jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment" (emphasis added)).

In their 12(b)(2) Motions, Peppertree/AMLQ demonstrated that this Court's exercise of jurisdiction over them would offend the Due Process Clause because: (1) Plaintiffs' rescission claim does not "arise out of or relate to" any of Peppertree/AMLQ's purported contacts with Florida; (2) neither Peppertree nor AMLQ have purposefully availed themselves of the privilege of conducting activities in Florida; and (3) exercising personal jurisdiction over Peppertree/AMLQ would violate traditional notions of fair play and substantial justice. [ECF No. 13] at 12-16. Indeed, as set forth in Peppertree/AMLQ's recent Reply in Support of their Motion to Transfer Venue, Peppertree/AMLQ did not even execute the Framework Agreement in Florida as neither Peppertree nor AMLQ (nor even their respective counsel) are in Florida. [ECF No. 55] at 3; [ECF No. 1-4] at 16 (counsel signature page of Framework Agreement). Plaintiffs have not rebutted— or even attempted to rebut—these arguments. Based on the record before it, this Court should not exercise personal jurisdiction over Peppertree/AMLQ because doing so would violate Constitutional Due Process.

### D. Jurisdictional Discovery is Not Proper.

Jurisdictional discovery is appropriate only when there is a "genuine dispute about the jurisdictional facts" that warrants discovery. *Auf v. Howard University*, No. 19-22065, 2020 WL 1452350, at *9 (S.D. Fla. Mar. 25, 2020); *see also Netsurion, LLC v. Asurion, LLC*, No. 19-CIV-60898, 2019 WL 2716236, at *5 (S.D. Fla. June 28, 2019) (denying plaintiff's request for

jurisdictional discovery because plaintiff "failed to identify a genuine factual dispute that would warrant jurisdictional discovery."). Because Plaintiffs failed to rebut Peppertree/AMLQ's jurisdictional evidence, they necessarily have failed to create a genuine dispute regarding these facts. *See, e.g., Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) (finding "jurisdictional discovery [was] not warranted" because "Peruyero did not submit any evidence to rebut BAE's evidence"); *see also Westchester Fire Ins. Co. v. Vector Aerospace*, No. 16-23189, 2017 WL 4327097, at *3 (S.D. Fla. Sept. 27, 2017) (finding jurisdictional discovery improper because plaintiff "did not provide its own [rebuttal] affidavit"); *Serra–Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1363 (S.D. Fla. 2019) (finding jurisdictional discovery improper because "no genuine dispute" existed since the plaintiff "did not submit any evidence or affidavit to support the jurisdictional allegations contained within her Complaint and response"); *MPS Entertainment, LLC v. Headrush Apperal, Inc.*, No. 12-Civ-23364, 2013 WL 5446543, at *4 (S.D. Fla. Sept. 30, 2013) (finding "jurisdictional discovery [was] not warranted" because, in part" the plaintiffs "did not submit *any* evidence to rebut the evidence submitted by" the defendant").

Moreover, even if Plaintiffs had attempted to create a "genuine dispute about the jurisdictional facts" (they did not), they only seek jurisdictional discovery now to support their newly minted alter-ego theory. Such a post-hoc attempt to save their Complaint—by seeking discovery concerning a theory they failed to allege in that same Complaint—is nothing more than an improper "fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Herederos de Roberto Gomez Cabrea, LLC v. Teck Resources Ltd.*, No. 20-21630, 2021 WL 3054908, at *3 (S.D. Fla. July 20, 2021) (Scola, J.). Indeed, "Plaintiffs are not trying to ascertain the truth of the jurisdictional allegations asserted in the [C]omplaint" but, instead, "are simply searching for a new basis for jurisdiction, not based on anything pled in the [C]omplaint." *JMA, Inc. v. Bioronik SE & Co. KG*, No. 12-CV-23466, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013). Thus, Plaintiffs' request is impermissible because it is, "by definition, a 'fishing expedition.'" *Id*.[5]

---

[5] Peppertree/AMLQ will set forth additional reasons that Plaintiffs are not entitled to any jurisdictional discovery in their upcoming opposition to Plaintiffs' Motion for Leave to Conduct Discovery Limited to Personal Jurisdiction [ECF No. 56]. Moreover, to the extent Plaintiffs' pending Amended Renwed Motion for Leave to File First Amended Complaint [ECF No. 35] is granted, Peppertree/AMLQ will be dropped as defendants and their 12(b)(2) Motions and Plaintiffs' Motion for Jurisdictional Discovery will be mooted.

>   **E.    Remand is Inappropriate Here Because This Court Has Subject Matter Jurisdiction Over This Action.**

In obvious recognition of the multiple infirmities of their arguments, Plaintiffs ask this Court to decide their Motion to Remand before considering the 12(b)(2) Motions. [ECF No. 48] at 5-6. Consistent with their numerous other filings in this matter, Peppertree/AMLQ respectfully ask the Court first to consider Defendants' Motion to Transfer Venue [ECF No. 14] and Motion to Compel Arbitration [ECF No. 17], both of which may render the resolution of the 12(b)(2) Motions moot. However, to the extent that the Court considers the Motion to Remand, this Court undoubtedly has subject matter jurisdiction over this action for the reasons set forth in Defendants' Opposition to the Motion to Remand, including pursuant to 9 U.S.C. § 205, providing for removal of cases that fall under the New York Convention. *See generally* [ECF No. 44].

**II.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

On April 21, 2022, Defendants Adam Michael Schachter and Gelber Schachter & Greenberg, P.A. (collectively, "GSG") filed a Motion to Dismiss pursuant to Rule 12(b)(6). [ECF No. 6]. On April 25, 2022, Peppertree and AMLQ each filed separate Rule 12(b)(6) Motions to Dismiss (the "12(b)(6) Motions"). [ECF No. 12] at 16-17; [ECF No. 13] at 1-13. On June 6, 2022, Plaintiffs filed an opposition to GSG's Motion to Dismiss only and incorporated that opposition into its response to Peppertree/AMLQ's 12(b)(2) Motions. *See* [ECF No. 47]; [ECF No. 48] at 11-12. To reduce redundant filings and the burden on the Court, Peppertree/AMLQ are not filing separate reply briefs in support of their 12(b)(6) Motions. Rather, they fully incorporate herein the arguments made in GSG's Reply in Support of Motion to Dismiss, which is also being filed on June 22, 2022. For those reasons, Peppertree/AMLQ's 12(b)(6) Motions should be granted and Plaintiffs' Complaint should be dismissed in its entirety.

Dated:  June 22, 2022

Respectfully submitted,

By: **Marcos Daniel Jimènez**
Marcos D. Jiménez
**MARCOS D. JIMÉNEZ, P.A.**
255 Alhambra Circle, 8th Floor
Miami, FL 33134
Phone: (305) 570-3249
mdj@mdjlegal.com
lburns@leoncosgrove.com

Michael N. Ungar*
Katherine M. Poldneff*
Gregory C. Djordjevic*
**ULMER & BERNE LLP**
1660 W 2nd Street, Suite 1100
Cleveland, OH 44113
Phone: (216) 583-7000
mungar@ulmer.com
kpoldneff@ulmer.com
gdjordjevic@ulmer.com

Gregg L. Weiner*
Ethan R. Fitzgerald*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Ethan.Fitzgerald@ropesgray.com

Daniel V. Ward*
Katherine M. McDonald*
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston St.
Boston, MA 02199
Phone: (617) 951-7000
Daniel.Ward@ropesgray.com
Katherine.McDonald@ropesgray.com

*Application seeking admission *pro hac vice* forthcoming

*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

I further certify that on June 22, 2022, a copy of the foregoing was served by Electronic Mail on the following counsel:

>Juan J. Rodriguez
>jrodriguez@careyrodriguez.com
>
>Luke T. Jacobs
>ljacobs@careyrodriguez.com

*Counsel for Terra Towers Corp. and TBS Management, S.A.*,

>Allan A. Joseph
>ajoseph@fidjlaw.com

*Counsel for DT Holdings, Inc.*

>/s/ Marcos Daniel Jiménez
>Marcos Daniel Jiménez
>
>*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*