UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TERRA TOWERS CORP., *et al.*, | ) CASE NO. 22-21204-CIV-SCOLA/DAMIAN |
| | ) |
| *Plaintiffs*, | ) JUDGE ROBERT N. SCOLA, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE MELISSA |
| | ) DAMIAN |
| ADAM MICHAEL SCHACHTER, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**SPECIALLY APPEARING DEFENDANTS TELECOM BUSINESS SOLUTION, LLC'S, LATAM TOWERS, LLC'S, AND AMLQ HOLDINGS (CAY) LTD.'S OPPOSITION TO PLAINTIFFS TERRA TOWERS CORP.'S AND TBS MANAGEMENT, S.A.'S MOTION FOR LEAVE TO CONDUCT DISCOVERY LIMITED <u>TO THE ISSUE OF PERSONAL JURISDICTION</u>**

I.   <u>INTRODUCTION</u>

Plaintiffs Terra Towers Corp.'s and TBS Management, S.A.'s (collectively, "Plaintiffs") Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction [ECF No. 56 (the "Motion")] should be denied.  Their newly minted alter-ego theory as a basis for personal jurisdiction—and their commensurate request for jurisdictional discovery based on that theory—is nothing more than a desperate, post-hoc attempt to save their fatally flawed Complaint from dismissal.  At core, Plaintiffs only contend that Peppertree and AMLQ share addresses and corporate officers with their parent companies, Peppertree Capital Management, Inc. ("PCMI") and Goldman Sachs & Co., LLC ("Goldman"), respectively.  According to Plaintiffs, this new alter-ego theory—which is nowhere to be found in the Complaint—entitles them to jurisdictional discovery.  Plaintiffs' position is without merit.

*First*, this Court should reject Plaintiffs' "Hail Mary" theory, and their commensurate request for jurisdictional discovery, because this theory was raised—for the *first time*—in Plaintiffs' Response in Opposition to Peppertree/AMLQ's Motions to Dismiss [ECF No. 48 (the "Opposition")], and because it is conspicuously absent from Plaintiffs' Complaint.  Thus, as set forth in Peppertree/AMLQ's June 22, 2022 Reply in Support of their Rule 12 Motions [ECF No.

60], it cannot be considered by this Court when ruling on Peppertree/AMLQ's Motions to Dismiss for Lack of Personal Jurisdiction.

*Second*, even if this Court considers Plaintiffs' new theory (it should not), Plaintiffs are not entitled to jurisdictional discovery because there is no genuine dispute about the jurisdictional facts at issue. The pertinent issue, as framed by Plaintiffs' *own allegations* in their Complaint, is whether this Court has personal jurisdiction over Peppertree/AMLQ—*not* whether this Court has jurisdiction over PCMI and Goldman, who are *not* parties to this action and who are *not* even mentioned in the Complaint. Even Plaintiffs admit that the answer to the question before this Court is a resounding "no."

*Third*, Plaintiffs' new allegations—that Peppertree/AMLQ share addresses and corporate officers with their parent companies—are insufficient, as a matter of law, to support a finding that Peppertree/AMLQ are alter egos of their corporate parents.

*Fourth*, Plaintiffs concede that their request for jurisdictional discovery is nothing more than a fishing expedition to discover anything that may support the exercise of personal jurisdiction over Peppertree/AMLQ. Plaintiffs' post-hoc attempt to use jurisdictional discovery to save their deficient Complaint is improper and should be denied

*Finally*, even if this Court ultimately determines that Plaintiffs should be entitled to jurisdictional discovery (they are not), in an effort to conserve both the parties' and the Court's resources, the Court should not grant Plaintiffs' Motion until it has ruled on many other pending motions, all of which are likely to render the current Motion moot. These motions include the following: Defendants' Motion to Transfer Venue [ECF No. 14 (the "Motion to Transfer Venue")]; Defendants' Motion to Compel Arbitration [ECF No. 17 (the "Motion to Compel")]; Defendants Adam Michael Schachter's and Gelber Schachter & Greenberg, P.A.'s Motion to Dismiss [ECF No. 6 ("GSG's Rule 12(b)(6) Motion")]; Peppertree/AMLQ's Motions to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 12 at 16-17; ECF No. 13 at 1-13 (collectively, "Peppertree/AMLQ's Rule 12(b)(6) Motions")]; and Plaintiffs' Amended Renewed Motion for Leave to File a First Amended Complaint [ECF No. 35 (the "Motion to Amend")] because Plaintiffs' Proposed First Amended Complaint does not name Peppertree/AMLQ as parties. An Order granting any one of these pending motions will obviate the need to rule on Peppertree/AMLQ's Motions to Dismiss for Lack of Personal Jurisdiction, [ECF No. 12; ECF No. 13 at 13], and, necessarily, moot any purported need for jurisdictional discovery.

For all of these reasons, as explained more fully below, the Court should deny the Motion.

## II. LAW AND ARGUMENT

### A. Plaintiffs' Request for Jurisdictional Discovery Cannot Be Premised on Their Alter-Ego Theory Because It Was Raised for the First Time in Opposition Briefing and Is Not Alleged in the Complaint.

Plaintiffs' newly minted alter-ego theory is nothing more than a strained, post-hoc attempt to save their fatally flawed Complaint [ECF No. 1-4]. This theory was raised—*for the first time*—in their Opposition. For this reason alone, it cannot support Plaintiffs' request for jurisdictional discovery. *See, e.g., Omega Psi Phi Fraternity, Inc. v. HCE Grp. of Cos., Inc.*, No. 11-CV-80479, 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011) (considering a motion to dismiss for lack of personal jurisdiction and finding that "[i]n the face of [that motion], the Court may only consider the facts alleged in the complaint itself, and the new facts in Plaintiff's opposition may not be considered.").

Plaintiffs' abject failure to plead *any facts* in the Complaint to support their new theory also dooms their request for jurisdictional discovery. *See, e.g., JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-CV-23466, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013) (denying a request for jurisdictional discovery because the plaintiffs were "simply searching for a new basis for jurisdiction, not based on anything pled in the complaint"); *see also Moreno v. Carnival Corp.*, 488 F. Supp. 3d 1233, 1239 (S.D. Fla. 2020) (denying a request for jurisdictional discovery because the plaintiff "failed to allege sufficient facts to make out a prima facie case of personal jurisdiction over" the defendants). Indeed, "[b]lack-letter law forbids equating a subsidiary with its parent absent **extraordinary justification** to pierce a corporate veil." *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 0:15-cv-62104, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016) (emphasis added); *see also Verizon Trademark Servs., LLC v. Producers, Inc.,* 810 F. Supp. 2d 1321, 1329 (M.D. Fla. 2011) ("As a general principle, personal jurisdiction over a Florida parent corporation will not equate to personal jurisdiction over a subsidiary"); *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other"); *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. Dist. Ct. App. 2011) (applying the same principle to sister subsidiaries).

While there is "[a]n exception" to this principle "when the subsidiary is merely the alter ego or mere instrumentality of the Florida parent corporation, over which the Court does have personal jurisdiction," *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1329, to invoke the exception, "the ***plaintiff must make sufficient jurisdictional allegations to pierce the corporate veil***[, which] requires the plaintiff to establish both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in improper conduct in the formation or use of the corporation." *Abdo v. Abdo*, 263 So. 3d 141, 149 (Fla. Dist. Ct. App. 2018) (internal quotations omitted) (emphasis added); *see also Mey v. Enterp. Fin. Group, Inc.*, No. 2:15-cv-463, 2016 WL 7338411, at *3 (M.D. Fla. Dec. 19, 2016) ("To establish jurisdiction under the alter ego theory, the plaintiff's pleading must set forth sufficient jurisdictional allegations to pierce the corporate veil of the resident corporation," including "both that the corporation is a 'mere instrumentality' or alter ego of the defendant, and that the defendant engaged in 'improper conduct' in the formation or use of the corporation."). The Complaint does not and cannot, truthfully, allege facts that support either prong. As such, Plaintiffs' alter-ego theory—and their request for discovery based on that theory—is dead on arrival.

Specifically, the Complaint does not (and cannot) allege that Peppertree/AMLQ are mere instrumentalities or alter-egos of their parent companies. *See generally* [ECF No. 1-4]. In fact, the Complaint contains no mention of Peppertree's parent corporation, PCMI, nor AMLQ's parent company, Goldman. *Id*. This material omission is fatal to Plaintiffs' claims of alter-ego jurisdiction. *See, e.g. Sompo Japan Nipponkoa Ins., Inc. v. CSX Transp., Inc.*, No. 3:19-cv-1154, 2020 WL 7074558, at *7 (M.D. Fla. Dec. 3, 2020) (finding that a plaintiff failed to meet "its burden of alleging or establishing jurisdiction over" a defendant "based on an alter ego theory" because "the Operative Complaint fail[ed] to include sufficient jurisdictional allegations to establish that" the "companies [were] alter egos of each other"); *see also Davis v. Vinnell Corp.*, 4:06cv451, 2007 WL 2462010, at *3 (N.D. Fla. Aug. 27, 2007) (rejecting a plaintiff's contention that the court had jurisdiction over "a subsidiary of . . . a multinational corporation that does business in Florida," because: (1) the issue was "not whether personal jurisdiction exist[ed] over [the parent corporation], but whether there [was] jurisdiction over [the subsidiary]," and (2) "[n]othing in th[e] record provide[d] any substantial support for treating [the subsidiary and parent] as alter egos.").

4

Similarly, the Complaint does not (and cannot) allege that either PCMI or Goldman engaged in improper conduct in the formation or use of Peppertree and AMLQ, respectively.[1] *See generally* [ECF No. 1-4]. Under established law, "a parent [company] engages in improper conduct if it uses the subsidiary to mislead creditors or to perpetrate a fraud upon them or as a means of evading liability." *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 0:15-cv-62104, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016); *see also Heli Enterp., Inc. v. Dart Helicopter Serv., LLC*, No. 8:11-cv-02077, 2012 WL 12909891, at *1 (M.D. Fla. Jan. 12, 2012) ("Florida law is clear that the corporate veil cannot be pierced absent proof that the corporation was organized or used for an improper purpose, such as to mislead creditors or perpetrate a fraud."). As set forth above, the Complaint utterly fails to mention PCMI or Goldman, let alone allege that they created Peppertree and AMLQ (respectively) for improper purposes. *See generally* [ECF No. 1-4]. Plaintiffs' strained alter-ego theory is doomed for this reason as well. *See, e.g., Gubanova v. Miami Beach Owner, LLC*, No. 12-2231-CIV, 2013 WL 6229142, at *4 (S.D. Fla. Dec. 2, 2013) (holding that although plaintiff "asserted that the resident company . . . [was] a mere instrumentality of the foreign defendants," plaintiff could not avail herself of the alter-ego doctrine because she failed to allege "any improper conduct on the party of the non-resident defendants with respect to their dealings with" the resident defendant); *see also Torres v. Int'l Lifestyles, Inc.*, No. 04-61729-CIV, 2005 WL 8155312, at *3 (S.D. Fla. Sept. 29, 2005) (finding plaintiff's alter-ego theory deficient because plaintiff "failed to allege or establish by affidavit or otherwise that [d]efendants engaged in any improper conduct necessary to support an alter-ego theory.").

Ultimately, because Plaintiffs' new theory is nowhere to be found in the Complaint, it cannot support Plaintiffs' request for jurisdictional discovery. *See, e.g., JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-CV-23466, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013) (denying a request for jurisdictional discovery because the plaintiffs were "not trying to ascertain the truth of the jurisdictional allegations asserted in the complaint" but, instead, were "searching for a new basis for jurisdiction, not based on anything pleaded in the complaint.").

---

[1] Indeed, Plaintiffs cannot make this allegation because the formation of both Peppertree and AMLQ solely, or at least in large part, to invest in Continental Towers LATAM Holdings Limited was wholly proper. *See* [ECF No. 12-1] ¶¶ 4-9; [ECF No. 13-1] ¶¶ 5-6.

### B. Plaintiffs' Request for Jurisdictional Discovery Should Be Denied Because a Genuine Dispute About Jurisdictional Facts Does Not Exist.

In the Eleventh Circuit, jurisdictional discovery is appropriate *only* when there is a "genuine dispute about the jurisdictional facts" that warrants discovery. *Auf v. Howard University*, No. 19-22065, 2020 WL 1452350, at *9 (S.D. Fla. Mar. 25, 2020). Here, because there is no genuine dispute about the jurisdictional facts before this Court, Plaintiffs' request for jurisdictional discovery should be denied. *See Netsurion, LLC v. Asurion, LLC*, No. 19-CIV-60898, 2019 WL 2716236, at *5 (S.D. Fla. June 28, 2019) (denying plaintiff's request for jurisdictional discovery because plaintiff "failed to identify a genuine factual dispute that would warrant jurisdictional discovery.").

The issue before this Court, as framed by *Plaintiffs' own Complaint*, is whether this Court has jurisdiction over Peppertree/AMLQ—*not*, as Plaintiffs now contend, whether this Court has jurisdiction over PCMI and Goldman. Plaintiffs' attempt to misdirect this Court is undermined by the fact that neither PCMI nor Goldman are parties to this action, and they are not even mentioned in the Complaint. *See generally* [ECF No. 1-4].

The record before this Court—which consists of clear, *unrebutted evidence* submitted by Peppertree/AMLQ—conclusively demonstrates that this Court lacks jurisdiction over Peppertree/AMLQ. Peppertree/AMLQ do not carry on any business in Florida; they do not have a presence or offices in Florida; they do not possess or maintain licenses to do business in Florida; they do not service any clients in Florida; and they do not generate any revenue from Florida-based clients. Ranieri Decl.[2] ¶ 9; Ziegler Decl.[3] ¶ 6. Indeed, in *Plaintiffs' own words*, Peppertree/AMLQ "refuted, through the submission of extensive briefing and sworn declarations, that Florida courts may exercise personal jurisdiction over them." [ECF No. 56] at 4. Plaintiffs failed to rebut this evidence. Because, as Plaintiffs concede, a genuine dispute about the jurisdictional facts actually at issue here does not exist, jurisdictional discovery is inappropriate and unwarranted. *See, e.g., Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) (finding "jurisdictional discovery [was] not warranted" because "Peruyero did not submit any evidence to rebut BAE's

---

[2] "Ranieri Decl." refers to the Declaration of John J. Ranieri [ECF No. 12-1] filed in support of Peppertree's Motion to Dismiss for Lack of Personal Jurisdiction.

[3] "Ziegler Decl." refers to the Declaration of Carey Ziegler [ECF No. 13-1], filed in support of AMLQ's Motion to Dismiss for Lack of Personal Jurisdiction.

evidence"); *see also Westchester Fire Ins. Co. v. Vector Aerospace*, No. 16-23189, 2017 WL 4327097, at *3 (S.D. Fla. Sept. 27, 2017) (finding jurisdictional discovery improper because plaintiff "did not provide its own [rebuttal] affidavit"); *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1363 (S.D. Fla. 2019) (finding jurisdictional discovery improper because "no genuine dispute" existed since the plaintiff "did not submit any evidence or affidavit to support the jurisdictional allegations contained within her Complaint and response"); *MPS Ent., LLC v. Headrush Apparel, Inc.*, No. 12-Civ-23364, 2013 WL 5446543, at *4 (S.D. Fla. Sept. 30, 2013) (finding "jurisdictional discovery [was] not warranted" because, in part, the plaintiffs "did not submit *any* evidence to rebut the evidence submitted by" the defendant").

### C. Evidence That Peppertree/AMLQ Share Business Addresses and Corporate Officers with Their Parent Companies Is Insufficient, as a Matter of Law, to Support a Finding That Peppertree/AMLQ Are Alter Egos of Their Parent Corporations.

After *admitting* that Peppertree/AMLQ "refuted, through the submission of extensive briefing and sworn declarations, that Florida courts may exercise personal jurisdiction over them," [ECF No. 56 at 4], Plaintiffs pivot, contending, without basis, that they "have [a purported] good reason to believe that both the Peppertree Defendants and AMLQ are wholly owned, controlled, and directed by their respective parent companies," *id*. To support this new (but unpled) contention, Plaintiffs claim that Peppertree/AMLQ share addresses and corporate officers with their parent companies, PCMI and Goldman, respectively. *Id*. Setting aside that Plaintiffs failed to plead these allegations (which as set forth above, is fatal to their Motion), even if accepted at face value, these new contentions are insufficient, as a matter of governing law, to support a finding that Peppertree/AMLQ are alter egos of their parent companies. *See, e.g., MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d. 1346, 1358 (S.D. Fla. 2000) ("the sharing of a business address and the overlap of officers is insufficient to support a finding that the subsidiaries are the alter ego of their corporate parents"); *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180, 2017 WL 1832436, at *7 (S.D. Fla. May 8, 2017) (rejecting an alter-ego theory because "the overlap of ARAH's board of directors and the officers of ARA and ARM […] [did] not destroy the legal identity of ARAH"); *Sompo Japan Nipponkoa Ins., Inc. v. CST Transp., Inc.*, No. 3:19-cv-1154, 2020 WL 7074558, at *7 (M.D. Fla. Dec. 3, 2020) ("The mere fact that SSC and SIRS share a principal place of business, a website, and some overlap of governing officers is

insufficient to" support an alter-ego theory). Accordingly, they are irrelevant and provide no basis to order jurisdictional discovery.

### D. Plaintiffs' Request for Jurisdictional Discovery Is Nothing More Than an Improper Fishing Expedition.

Plaintiffs' Motion makes clear that their request for jurisdictional discovery is nothing more than an improper "fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Herederos de Roberto Gomez Cabrea, LLC v. Teck Res. Ltd.*, No. 20-21630, 2021 WL 3054908, at *3 (S.D. Fla. July 20, 2021) (Scola, J.). Plaintiffs contend that "jurisdictional discovery is likely to reveal facts that establish the requisite nexus between Defendants and this forum so as to justify the exercise of personal jurisdiction over them in Florida." [ECF No. 56] at 4. However, as noted above, jurisdictional discovery is only "appropriate when there is a dispute about the 'facts that would support [the plaintiff's] ***allegations of jurisdiction***.'" *Jessop v. Penn Nat'l Gaming, Inc.*, No. 6:18-cv-1741, 2019 WL 960031, at *2 (S.D. Fla. Jan. 25, 2019) (emphasis added) (quoting *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). Here, "Plaintiffs are not trying to ascertain the truth of the jurisdictional allegations asserted in the [C]omplaint" but, instead, "are simply searching for a new basis for jurisdiction, not based on anything pled in the [C]omplaint." *JMA, Inc. v. Bioronik SE & Co. KG*, No. 12-CV-23466, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013). As such, the Motion should be denied because it is improper and "by definition, a 'fishing expedition.'" *Id.*

### E. Even If This Court Determines That Jurisdictional Discovery is Warranted, It Should Not Grant the Present Motion Until It Rules on Other Pending Motions, Which Are Likely to Render the Issue Moot.

The following motions are currently pending before this Court: the Motion to Transfer Venue [ECF No. 14]; the Motion to Compel [ECF No. 17]; GSG's Rule 12(b)(6) Motion [ECF No. 6]; Peppertree/AMLQ's Rule 12(b)(6) Motions [ECF No. 12 at 16-17; ECF No. 13 at 1-13]; and Plaintiffs' Motion to Amend [ECF No. 35]. An Order granting any one of the aforementioned motions will obviate the need to rule on Peppertree/AMLQ's personal jurisdiction motions and, necessarily, this Motion. As such, even if this Court were to determine that Plaintiffs' request for jurisdictional discovery has merit (it does not), in order to conserve both the parties' and the Court's own resources, the Court should rule on all of the aforementioned motions *before* permitting Plaintiffs to engage in jurisdictional discovery. *See, e.g., Lobo v. Celebrity Cruises,*

*Inc.*, 667 F. Supp. 2d 1324, 1339 (S.D. Fla. 2009) ("[T]o save the parties the potentially unnecessary cost and burden of jurisdictional discovery, I will first evaluate whether Plaintiffs have stated a claim in the Second Amended Complaint, and then reach questions of personal jurisdiction.").

### III.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion in its entirety.

Dated:  June 24, 2022

Respectfully submitted,

**Marcos Daniel Jiménez**
Marcos D. Jiménez
**MARCOS D. JIMÉNEZ, P.A.**
255 Alhambra Circle, 8th Floor
Miami, FL 33134
Phone: (305) 570-3249
mdj@mdjlegal.com

Michael N. Ungar*
Katherine M. Poldneff*
Gregory C. Djordjevic*
**ULMER & BERNE LLP**
1660 W 2nd Street, Suite 1100
Cleveland, OH 44113
Phone: (216) 583-7000
mungar@ulmer.com
kpoldneff@ulmer.com
gdjordjevic@ulmer.com

Gregg L. Weiner*
Ethan R. Fitzgerald*
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Ethan.Fitzgerald@ropesgray.com

Daniel V. Ward*
Katherine M. McDonald*
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston St.
Boston, MA 02199

Phone: (617) 951-7000
Daniel.Ward@ropesgray.com
Katherine.McDonald@ropesgray.com

*Application seeking admission *pro hac vice* forthcoming

*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2022, the foregoing was filed through the Court's electronic filing system, which will provide notice of the filing to all counsel of record.

I further certify that on June 24, 2022, a copy of the foregoing was served by Electronic Mail on the following counsel:

>Juan J. Rodriguez
>jrodriguez@careyrodriguez.com
>
>Luke T. Jacobs
>ljacobs@careyrodriguez.com

*Counsel for Terra Towers Corp. and TBS Management, S.A.*,

>Allan A. Joseph
>ajoseph@fidjlaw.com

*Counsel for DT Holdings, Inc.*

 /s/ *Marcos Daniel Jiménez*
Marcos Daniel Jiménez

*Counsel for Defendants Telecom Business Solution, LLC, LATAM Towers, LLC, and AMLQ Holdings (Cay), Ltd.*