UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:22-cv-21204-SCOLA/DAMIAN

TERRA TOWERS CORP. and TBS
MANAGEMENT, S.A.,

    Plaintiffs,

vs.

ADAM MICHAEL SCHACHTER,
GELBER SCHACHTER & GREENBERG,
P.A., CONTINENTAL TOWERS LATAM
HOLDINGS LIMITED, TELECOM
BUSINESS SOLUTION, LLC, LATAM
TOWERS, LLC, AMLQ HOLDINGS
(CAY) LTD., and DT HOLDINGS, INC,

    Defendants.
_____/

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY LIMITED TO THE ISSUE OF PERSONAL JURISDICTION

    Plaintiffs Terra Towers Corp. and TBS Management, S.A, (collectively "Plaintiffs"), by and through undersigned counsel, file the instant Reply in further support of their Motion For Leave To Conduct Discovery Limited To The Issue of Personal Jurisdiction (the "Motion), *see* [ECF No. 56]. In support thereof, Plaintiffs state as follows:

    In their Response in Opposition to Plaintiffs' Request for Jurisdictional Discovery, Defendants first argue that Plaintiffs have purportedly failed to set forth a *prima facie* case of personal jurisdiction over Defendants Peppertree and AMLQ. [ECF No. 62 pp. 6-7]. Defendants also contend that Plaintiffs' request for jurisdictional discovery is improperly premised upon an alter-ego theory because no such allegations were set forth in the state court complaint. [ECF No. 62 p. 3]. Defendants' contentions are unavailing.

    As an initial matter, the allegations within the state court complaint [ECF No. 31-4] properly set forth a *prima facie* case of personal jurisdiction in this forum over the AMLQ and Peppertree Defendants because Plaintiffs' rescission claim is based upon an alternative set of

allegations that elucidate how these Defendants were aware of and participated in the material misrepresentation of fact concerning Mr. Gaitan's purported corporate status within the Company, which took place in Florida. [ECF No. 31-4 ¶¶ 45-48]. As such, to the extent the rescission claim is based on these alternative set of facts, these allegations describe the commission of a tortious act by the Peppertree and AMLQ Defendants in Florida because the Framework Agreement was executed in Florida, and all representations pertinent to the Framework Agreement were made in this forum. *See ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1296 (S.D. Fla. 2021) ("Here, the Court finds that Plaintiff has established a prima facie case of specific personal jurisdiction under section 48.193(1)(a)(2) because Plaintiff sufficiently alleges causes of action for negligent misrepresentation and fraud in the inducement arising out of statements made by [defendant] to [plaintiff] at a meeting in Florida—and through electronic communications into Florida."). Indeed, the Peppertree and AMLQ Defendants do not refute in any of their submissions to the Court the fact that they were present in Florida for discussions regarding the Framework Agreement and its execution as well. Because it is pled that these Defendants knowingly misrepresented the fact that Mr. Gaitan was not the Company's CEO at the time of the Framework Agreement's execution, this constitutes the commission of a tortious act within Florida that renders the AMLQ and Peppertree Defendants amenable to personal jurisdiction in this forum. As such, these allegations alone set forth a *prima facie* case of personal jurisdiction against Defendants AMLQ and Peppertree.[1]

Moreover, although the state court complaint does not expressly set forth allegations describing Peppertree and AMLQ's operational nexus with their respective parent companies and their parents' contacts with this forum, Plaintiffs' request for jurisdictional discovery is

---

[1] According to Defendants, Plaintiffs "admitt[ed] that Peppertree/AMLQ 'refuted, through the submission of extensive briefing and sworn declarations, that Florida courts may exercise personal jurisdiction over them….'" [ECF No. 62 p. 7 (quoting ECF No. 56 p. 4)]. In Defendants' view, this explanation by Plaintiffs constitutes an admission that the Court lacks personal jurisdiction over the Peppertree and AMLQ Defendants. Although this should be too obvious to warrant mention, Plaintiffs were simply synthesizing Defendants' arguments contesting personal jurisdiction over Peppertree and AMLQ to provide factual context in the Motion seeking Leave to obtain Jurisdictional Discovery. Indeed, it would be quite anomalous for Plaintiffs to submit extensive briefing in opposition to the Motions to Dismiss for Lack of Personal Jurisdiction [ECF Nos. 48, 49] to then simply concede the purported absence of personal jurisdiction in a motion seeking discovery that would enable Plaintiffs to establish personal jurisdiction.

nonetheless proper. Plaintiffs filed their motion for jurisdictional discovery in a timely manner, explained the reasons why that relief should be granted and specifically identified the categories of discovery that should be produced to establish personal jurisdiction. *See Tradebank Int'l, Inc. v. Barter/Trade, Inc.*, No. 1:10-CV-1668-HLM, 2010 WL 11552956, at *8 (N.D. Ga. Aug. 31, 2010) ("Plaintiff's request was timely filed, because Plaintiff filed the Motion for Jurisdictional Discovery shortly after Plaintiff learned of the Motion to Dismiss and before the Court ruled on the Motion to Dismiss."); *Ticked Off, Inc. v. TickCheck, LLC*, No. 19-CV-627-AJ, 2019 WL 5295148, at *2 (D.N.H. Oct. 17, 2019) ("The court may find a party's motion for jurisdictional discovery diligent where the motion is filed simultaneously with its objection to a motion to dismiss or as part of the objection."). In addition, and as set forth above, the state court complaint sets forth a *prima facie* case of personal jurisdiction against the Peppertree and AMLQ Defendants based on allegations that, to the extent these Defendants were aware of and did not disclose Mr. Gaitan's misrepresentation concerning his corporate status in Florida, these Defendants committed a tortious act in this forum, thereby establishing the requisite ties with this forum for personal jurisdiction purposes. Defendants have contested these jurisdictional allegations through their motions to dismiss [ECF Nos. 12, 13] and sworn declarations [ECF Nos. 12-1, 13-1] by corporate officials. These motions and sworn declarations raise the issue of the Peppertree and AMLQ Defendants' purported lack of contacts with this forum, information which is exclusively in Defendants' possession and inaccessible to Plaintiffs. As such, it would be inherently unjust to render a ruling on the pending motions to dismiss for want of personal jurisdiction without allowing Plaintiffs an opportunity to gather relevant evidence on the issue of Defendants' contacts with this forum, including through their parent corporations. *See Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284 (Fla. 1992) ("While a plaintiff should not file a frivolous complaint alleging personal jurisdiction, we recognize that averments made in good faith may not always rise to assertions which could be made under oath. Thus, a plaintiff should be able to conduct limited discovery on the jurisdictional question in order to gather facts and file an opposing affidavit."). Indeed, without the benefit of the discovery sought in the Motion, Plaintiffs cannot meaningfully refute the assertions set forth in the sworn declarations submitted in support of the motions to dismiss for lack of personal jurisdiction [ECF Nos. 12-1, 13-1] because the relevant jurisdictional information is in Defendants' possession. *See Iglesias v. Pernod Ricard, S.A.*, No. 20-20157-CIV, 2020 WL 13367918, at *2 (S.D. Fla. Oct. 30, 2020) ("'[A] plaintiff faced

with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" (quoting *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003)).

Importantly, even if Plaintiffs had not set forth a *prima facie* case in support of personal jurisdiction (and they clearly have), this would not preclude them from obtaining the jurisdictional discovery sought in the Motion. *See Yang v. Pao*, No. CV 19-1355 (RBW), 2021 WL 5630799, at *3 (D.D.C. Dec. 1, 2021) ("'A party is entitled to jurisdictional discovery if [he] shows that [he] can supplement [his] jurisdictional allegations through discovery[,]' and '[t]his is so even where the party has failed to establish a *prima facie* case of personal jurisdiction ... as long as the party has at least a good faith belief that discovery will enable [him] to establish personal jurisdiction.'" (alteration in original) (quoting *Blount v. U.S. Sec. Assocs.*, 930 F. Supp. 2d 191, 197 (D.D.C. 2013)).

Defendants next assert that jurisdictional discovery is unwarranted in this cause because any evidence demonstrating that the Peppertree and AMLQ Defendants share business addresses and corporate officers with their parent corporations would be legally insufficient to establish they are alter egos of their parent entities. [ECF No. 62 p. 7]. Defendants conflate the basis upon which Plaintiffs assert that the Peppertree and AMLQ Defendants are potentially alter egos of their parent corporations. Plaintiffs do not assert that sharing addresses and certain administrative employees would be sufficient to demonstrate Peppertree and AMLQ are operationally indistinguishable from their parent entities. Instead, Plaintiffs argued that "there is good reason to believe that both the Peppertree Defendants and AMLQ are wholly owned, controlled, and directed by their respective parent companies," which would render them wholly indistinguishable from their parent entities for personal jurisdiction purposes. [ECF No. 56 p. 4 (quoting *In re Lyondell Chem. Co.*, 543 B.R. 127, 142 (Bankr. S.D.N.Y. 2016) ("While traditionally alter ego jurisdiction is used to obtain personal jurisdiction over a foreign parent that exercises control over affiliated entities within the forum, the reverse is also possible, and a parent's contacts with a forum can be imputed to a subsidiary to obtain personal jurisdiction over that subsidiary."))]. The fact that Peppertree and AMLQ share business addresses and corporate officials with their parent entities would only be a couple of pieces of evidence among other relevant materials revealed during jurisdictional

discovery, not the sole basis for establishing personal jurisdiction through an alter ego theory. Accordingly, the Court should reject this argument in opposition to jurisdictional discovery.

With respect to Defendants' contention that various pending motions should be decided prior to the Court rendering a ruling on the instant motion for leave to conduct jurisdictional discovery, Plaintiffs do not oppose this argument to the extent Defendants request that the Court enter a ruling on the Pending Motion for Leave to Amend [ECF No. 35] prior to the instant Motion. Plaintiffs, however, maintain that the Court should render a ruling on the pending Motion to Remand [ECF No. 38] and the instant Motion [ECF No. 56] prior to reaching any other motion at this earlier juncture of the proceedings because substantial doubts as to the Court's subject matter jurisdiction have been raised in this case. *See Bank of N.Y. v. Bank of Am.*, 861 F.Supp. 225, 227 (S.D.N.Y.1994) ("Because the removal statute only allows removal of actions within the Court's original jurisdiction, and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction, ... plaintiffs' [motion to remand] must be examined before any other matter.") (internal citations omitted) (alteration in original).

For the foregoing reasons and those set forth in Plaintiffs' Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction [ECF No. 56], Defendants' contention that Plaintiffs are engaged in a fishing expedition is without foundation, and this Court should grant Plaintiffs leave to conduct jurisdictional discovery for a period of no less than thirty (30) days.

Dated: July 8, 2022.

Respectfully submitted,
**CAREY RODRIGUEZ MILIAN, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474

*/s/ Juan J. Rodriguez*
Juan J. Rodriguez
Fla. Bar No. 613843
Email: jrodriguez@careyrodriguez.com
Luke T. Jacobs
Fla. Bar. No. 1024686
Email: ljacobs@careyrodriguez.com
Secondary: cperez@careyrodriguez.com
*Attorneys for Plaintiffs*